CECIL BROWN, Administrator, *vs.* BISHOP & CO.

EXCEPTIONS FROM THE DECISION OF THE CHIEF JUSTICE.

SPECIAL TERM, DECEMBER, 1883.

JUDD, C. J., McCULLY and AUSTIN, JJ.

An account in a savings bank pass-book was headed "B. & Co. in account with L. K. to order of his father, K.," and it was a rule of the bank to pay only to the person to whose order the deposit was payable, and only on presentation of pass-book : the bank paid it to the administrator of K. (the father), who held the pass book: held that the administrator of the son could not recover the deposit from the bank.

Money deposited in a savings bank by a father, to account of his son but payable to order of himself, is an incomplete gift *inter vivos,* and does not pass title to the son, for there is no delivery to the son or to a third party for him.

Decision of the Chief Justice affirmed.

OPINION OF THE COURT BY AUSTIN, J.

THIS is an action of assumpsit in which the Chief Justice below directed a verdict for the defendants.

The facts upon which the plaintiff claimed to recover are sub-

stantially as follows: The defendants are bankers and have a department of their business which they term a Savings Bank. A pass-book on this Savings Bank is presented, which shows a deposit on April 11th, 1879, of three hundred dollars in silver, and credits of interest, making with the principal on March 11, 1883, the sum of $372.71.

These deposits are preceded by the statement, "Bishop & Co. in account with Lukela Kaaimanu to order of his father, Kaaimanu."

The plaintiff sues as administrator of Lukela Kaaimanu, who died a minor, and who was the son of Kaaimanu, who is also dead, and whose administrator duly appointed was, as such, paid the sum claimed by the defendant on March 13, 1883, on presentation by him of the said pass-book and letters of administration. It was also shown that it was a rule of the bank to pay deposits only on presentation of the deposit book, and also a rule to pay only to the person to whose order the money was payable and not to the person for whose benefit the money was deposited. A demand and refusal of payment by the defendant to the plaintiff was also shown.

The best view that can be taken for the plaintiff is that the fund belonged to his intestate, and that he allowed his father, Kaaimanu, to keep his bank book, and made the money mentioned in it payable to his father's order, and told the defendants, in writing, so to pay it. But that his own death, and the death of his father also, were each sufficient to revoke the power to draw the money in behalf of the father's estate, and so the money was improperly paid over.

This view cannot be sustained. The words in the bank book were sufficient to constitute a valid direction to the defendants to pay the money only to the order of the father. From it the defendants had a right to infer that the father had, for value given by him, the right to draw the money. The delivery of the book, and the words written in it, were equivalent to a draft or a check on the defendants' bank, payable to the order of the father, and at the father's death his administrator could draw the money, as he could on such a draft or check. The defendants were not agents of anybody. They were mere depositories. As

such they were bound to deliver the money to the father or his representative, as directed by the son, the bailor.

See Story on Bailments, Secs. 102, 103, 104 and 107.

If, before payment, the plaintiff had notified the defendants not to pay the money, the case might have been different, but there is no such pretense. *Id.*, Section 104.

Furthermore, we think that the rules of the defendants, as a savings bank, which were proved, were binding upon the plaintiff's intestate as a depositor, and that under those rules the defendants properly made the payments to the father's administrator.

*Wall vs. Provident Institution*, 3 Allen, 96 : 21 N. Y., 543.

But the facts show that when the deposit was made the plaintiff's intestate was an infant; and the presumption would be that the father deposited his own money ; that he retained the possession of the bank book, and caused the money to be made payable to his own order. It would seem that he intended a gift of the money to the son. But by his acts he controlled and intended to keep control of the fund. If this were so, the gift was incomplete, because there was no delivery.

In *Little vs. Willets*, 55 Barb. 125-9, the Court declare what we think is the true rule, that " No gift *inter vivos* is sustained as conferring title unless the change of possession be positive, and the donor in no condition to re-possess himself of the subject matter of the gift or to recall the same."

Further : In *Phelps vs. Phelps*, 28 Barb. 121, it is held that "A mere promise to give money cannot be enforced, even if put in the form of a promissory note ; nor can such a note, when given by a parent to a child, be enforced against the maker's estate after his death."

See also *Harris vs. Clark*, 3 Comstock 93, where a draft upon a third person was given by a donor to a donee, which it was held could not be enforced as a gift against the donor's estate after his death. Also, *Brabook vs. Boston Bank*, 104 Mass., 228.

The plaintiff claims that in this case there was a delivery by the donor to a third party, the defendants, for the donee, and that this makes the delivery sufficient.

This would have been so had the deposit been made without

the condition attached, that it should be paid to the depositor's own order.

The exceptions must be overruled.

*F. M. Hatch*, for petitioner.

*A. S. Hartwell*, for defendant.

Honolulu, January 10, 1884.