HAROLD LOW *v.* HONOLULU RAPID TRANSIT
COMPANY, LIMITED, AND DOE CORPORATION.

No. 4730.

September 30, 1968.

Richardson, C.J., Marumoto, Abe,
Levinson, JJ., and Circuit Judge
Corbett Assigned by Reason of Vacancy.

OPINION OF THE COURT BY LEVINSON, J.

This is an action for an alleged breach of contract to employ the plaintiff-appellee as a consultant for two years at an annual salary of $12,500, payable in monthly installments. The contract specified that the employment was "not . . . terminable for any reason." The contract is embodied in a larger "Memorandum Agreement" which provided for the sale of all of the operating assets of the Wahiawa Transport System, Ltd., of which the plaintiff was president and majority shareholder, to the purchaser-defendant-appellant Honolulu Rapid Transit Co. (HRT).

The agreement and sale thereunder became effective as of April 1, 1962, and the plaintiff began immediately to perform consultant services for HRT. He continued to perform throughout the month of April and for part of May. He received a payment for April but has never received any other payments.

No further requests for services were made to the plaintiff until he received a letter dated July 17, 1962 sent by the president of HRT directing him "to report" to HRT for "assignment of duties in order . . . to earn the compensation provided for" in the agreement. The plaintiff responded by a letter dated July 19, 1962 written by his lawyer stating (1) that the form of the agreement calling for a salary for consulting services was to suit HRT's "own tax convenience" which was "assumed" to be in order "to charge off as an expense $25,000 of the . . . total consideration demanded by Wahiawa Transport System, Ltd."; (2) that it was "clearly stated" by the parties and their attorneys prior to the execution of the agreement that the plaintiff's "duties as a consultant were [to be] none" and it was for this reason that the non-termination clause was included in the agreement; (3) that nevertheless, the plaintiff stood "ready and willing to answer such questions . . . and render such advice as" requested by the defendant with respect to the Wahiawa operation.

Thereafter, the defendant did not request any consultation from the plaintiff and the plaintiff did not "report . . . for the assignment of duties."

At the trial, the plaintiff introduced the contract into evidence, showed the unpaid balance alleged to be owing, and

testified that he was the plaintiff and a signatory to the contract. The plaintiff then rested, whereupon the defendant unsuccessfully moved for judgment on the ground that the plaintiff had not presented a prima-facie case. The defendant specifies as error the denial of this motion.

The defendant continued with the trial and called the plaintiff as an adverse witness. During the course of the direct examination, the defendant, after introducing into evidence the July 17 letter written by HRT's president, objected to the introduction of the July 19 letter by the plaintiff on the ground that it violated the parol evidence rule. The objection was overruled and the defendant contends the court erred in so ruling.

The court found as a fact that after May 1962 the defendant "did not request any further advice from or put any question to, or otherwise seek consultation from the plaintiff, although the plaintiff advised the defendant of the plaintiff's readiness to do so," and entered a judgment in favor of the plaintiff. The defendant contends that the finding is erroneous and asserts that the record shows that the defendant did "otherwise seek consultation" through its letter of July 17, 1962 and that the plaintiff did not advise the defendant of his availability.

We affirm the judgment.

## 1. *Motion for Judgment.*

Although the Hawaii Rules of Civil Procedure do not provide for a "motion for judgment for the defendant" denominated as such at the end of the plaintiff's case, it is the same in substance as a motion for dismissal authorized by H.R.C.P., Rule 41 (b). The rule provides that such a motion may be granted only if the plaintiff has shown no right to relief under the facts and law at the close of his case-in-chief. The defendant's contention is that because the plaintiff failed to prove he had performed or was ready and willing to perform consultation services, the court erred in not granting its motion. The defendant has pressed this contention despite the fact that the plaintiff's proof (the July 19 letter) of his being ready and willing to render advice was later

admitted into evidence during the presentation of the defendant's case, over the defendant's objection.

We hold that when a defendant unsuccessfully moves for dismissal under Rule 41 (b), and thereafter elects to continue with the trial, he thereby waives the right on appeal from the final judgment to specify as error the denial of his motion. The only method by which the validity of the adverse ruling on the motion may be considered on appeal is for the defendant to stand on his motion and permit a final judgment for the plaintiff to be entered on that state of the record. If a defect in the plaintiff's proof prior to the denial of the motion to dismiss is later cured by either party, any error in the denial of the motion is harmless error. *Kaili* v. *Inter-Island Steam Navigation Co.,* 25 Haw. 777, 781 (1921), *Ciacci* v. *Woolley,* 33 Haw. 247, 257 (1934) (both cases applying this rule to motions for nonsuit). If we were to hold otherwise, by isolating the motion to dismiss and the record supporting it from the remainder of the record, we would be ignoring the merits of the controversy. The guiding light of this court is the promotion of justice rather than adherence to technicalities which, because of the omissions of counsel, cast an unfavorable light on an otherwise meritorious case.

In this case, the record as a whole contains sufficient evidence to show that the plaintiff has a right to relief. One of the basic elements in proving a breach of a contract of this nature is a showing by the plaintiff either that he has performed the contract or that during the term of the contract he was ready, willing and able to perform. *United States* v. *Penn Foundry & Mfg. Co.,* 337 U.S. 198, 210 (1949) ; *National Movers Co.* v. *United States,* 386 F.2d 999, 1002 (Ct.Cl. 1967) ; *Clark Mutual Life Insurance* v. *Lewis,* 217 N.E.2d 853, 857 (Ind. 1966) . This proof was embodied in the July 19 letter. Thus, if the admission of that letter into evidence was proper when introduced, the last necessary element of the plaintiff's case was thereby injected into the record.

## 2. *Admissibility of July 19 Letter.*

It is a basic proposition that evidence may be properly admitted

for a limited permissible purpose even though it may not be admissible for all purposes. McCormick, *Evidence* § 59 (1954); *Uniform Rules of Evidence,* Rule 6 (1953). The letter, showing facts and circumstances prior to and contemporaneous with the execution of the contract, was not admissible for the purpose of showing that the unambiguous contract for employment as a consultant was in fact not a contract at all, since such a showing would violate the parol evidence rule. *Midkiff v. Castle & Cooke, Inc.,* 45 Haw. 409, 422, 368 P.2d 887, 894 (1962). However, parol evidence is admissible for the limited purpose of showing actual compliance with the contract, *Snidow* v. *Hill,* 87 Cal. App. 2d 803, 808, 197 P.2d 801, 804 (D.C.A. 1948); *Carroll* v. *Jones,* 206 Ga. 332, 335, 57 S.E.2d 173, 176 (1950). We hold that parol evidence is also admissible to show the manner in which a written contract has been acted upon, including evidence of willingness, ability, and readiness to perform obligations under the contract. One would be hard pressed to prove such readiness to perform other than by parol evidence. The letter was properly admitted to prove readiness to perform on the part of the plaintiff even though it would not be admissible for the purpose of defeating or contradicting the contract.

The defendant also contends that the July 19 letter consituted hearsay and was therefore inadmissible. This alleged error was not raised and properly preserved in the lower court, and, therefore, will not be considered on appeal. *Kawamoto* v. *Yasutake,* 49 Haw. 42, 45, 410 P.2d 976, 978 (1966).

### 3. *Findings of Fact.*

H.R.C.P., Rule 52 (a) states that "[f]indings of fact shall not be set aside unless clearly erroneous." A finding is not "clearly erroneous" unless the reviewing court is driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding. Since none of the court's findings is clearly erroneous in the light of the evidence, we see no reason to disturb any of them.

Affirmed.

*Daral G. Conklin* (*Blissard & Conklin* of counsel) for defendants-appellants.

*Paul Devens* (*Lewis, Saunders & Sharpless* of counsel) for plaintiff-appellee.