CAROLINE SIKO, also known as CAROLINE CORREA
v. REGINALD M. SEGUIRANT, ET AL.

No. 4699.

March 20, 1969.

Richardson, C.J., Marumoto, Abe and Levinson, JJ.,
and Circuit Judge Yasutaka Fukushima
Assigned by Reason of Vacancy.

OPINION OF THE COURT BY RICHARDSON, C.J.

In dispute is the ownership of stock certificates registered in the name of decedent Justin de Seguirant, father of both the plaintiff, Caroline Siko, and the defendant, Reginald M. Seguirant, administrator of the estate. At the trial, plaintiff proved that on December 22, 1960, her father made her a joint tenant in a safe deposit box to which she

previously had access as her father's agent. She testified that at the time of the change of tenancy, her father handed her the stock certificates in dispute telling her they were hers but that he wanted to retain the dividends for life. She further testified that she and her father immediately put the unendorsed certificates into the safe deposit box where they remained until after his death.

At the close of plaintiff's case, the court granted defendant's motion to dismiss. The court found donative intent, but insufficient delivery, refusing to give any credence to plaintiff's testimony as to delivery. There being no corroborative testimony, the court held that the alleged gift was incomplete as a matter of law. Plaintiff appeals from that judgment.

Plaintiff's specifications of error question the trial court's finding of insufficient delivery. She complains that her testimony is not only corroborated, but also uncontradicted and unimpeached; and that therefore, the trial court's conclusion is unsupported by the evidence.

We disagree.

Plaintiff has the burden of proving the existence of the alleged gift, which in this case depends upon the factual determination of delivery of the gift. Even when plaintiff's testimony as to particular facts is uncontradicted, questions of fact always involve a question of credibility to be resolved by the trier of facts. In *De Mello* v. *De Mello,* 34 Haw. 922, 933 (1939), the court stated that "even if the testimony of the two De Mellos on this question is uncontradicted there is still a question of credibility which the trier of the facts and not this court must resolve." And in *Shannon* v. *Murphy,* 49 Haw. 661, 667, 426 P.2d 816 (1967), we held that "an appellate court will not pass upon issues dependent upon credibility of witnesses and the weight of the evidence; this is the province of the trial judge."

We must therefore generally accept the determination

of the court which had the opportunity to observe the demeanor of the witnesses during the direct and cross-examinations. The findings of the trial court will be set aside only if "clearly erroneous" under H.R.C.P., Rule 52(a). "A finding is not 'clearly erroneous' unless the reviewing court is driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding." *Low* v. *H.R.T.*, 50 Haw. 582, 445 P.2d 372 (1968).

Because our examination of the record indicates that the trial court's disbelief of plaintiff's testimony was not unfounded, we do not think his finding of insufficient delivery was clearly erroneous. Cross-examination of plaintiff revealed that she never mentioned the gift to her husband, her natural confidant, until after her father died. And the testimony of her own witness, Justin Seguirant, Jr., indicates that her actions were inconsistent with ownership of the certificates, and that she claimed a gift only after she learned from Peter N. Chang, the stockbroker, that decedent had intended to give her the shares of stock. Furthermore, the cross-examination of her daughter suggests that she had been coached as to the contents of the conversation because she clearly remembered the words of the conversation but could not easily recall the persons present or the emotions of those present, including her mother.

We agree with the trial judge that corroboration of plaintiff's alleged in-hand delivery is lacking.

Plaintiff further suggests in her brief that delivery was accomplished constructively by placement of the certificates in the joint safe deposit box. This court, however, stated long ago that a donor must divest himself of control of the gift for delivery to be complete. *Brown* v. *Bishop & Co.*, 5 Haw. 54 (1883). Since decedent, in the case at hand, could have easily removed the shares for

resale or other delivery, delivery into the joint safe deposit box was alone insufficient.

We affirm.

*Edward Berman, Robert A. Franklin* and *Jerrold Bell,* co-counsel for plaintiff-appellant.

*Patrick F. Tuohy* for defendant-appellee Reginald M. Seguirant.