# ED KLEIN, INC. *v.* HOTEL KAIMANA, INC.

## No. 4759.

JULY 15, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, JJ., CIRCUIT JUDGE M. DOI IN PLACE OF LEVINSON, J., DISQUALIFIED, AND CIRCUIT JUDGE OGATA ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY ABE, J.

The plaintiff, Ed Klein, Inc., sued Hotel Kaimana, Inc., defendant, to recover $15,000 for services rendered

pursuant to an alleged oral finder's contract.

The trial court found that on March 8, 1962 the defendant through its president, Shigeo Shigenaga, and its attorney, Genro Kashiwa, orally agreed to pay plaintiff a finder's fee of one point of the total amount of the loan obtained by plaintiff for defendant for the construction of a high-rise hotel building.

The trial court also found that Ed Klein, the president of plaintiff corporation, working with and through Dillingham Corporation succeeded in obtaining a loan of $1,500,000 from the Employees' Retirement System of the School District of Detroit and accordingly gave judgment to the plaintiff for the sum of $15,000. Defendant appealed from this judgment.

The defendant contends that the conclusion of law of the trial court in favor of the plaintiff was based on several findings of fact which were clearly erroneous and therefore should be reversed.

To meet the burden of proving that the several findings of fact were clearly erroneous, the defendant argues that "Klein was not a credible witness and hence findings based upon his testimony alone are clearly erroneous."

H.R.C.P. Rule 52(a) provides that "Fndings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses", and we have said that on appeal we will not pass upon issues resting upon the credibility of witnesses and the weight of evidence. *Lennen & Newell, Inc.* v. *Clark Enterprises, Inc.*, 51 Haw. 233, 456 P.2d 231 (1969); *Shannon* v. *Murphy*, 49 Haw. 661, 426 P.2d 816 (1967).

Therefore, we hold that under the record of this case, the defendant has failed to show that the findings of fact are clearly erroneous for the reason that we are not left "with a definite and firm conviction that a mistake has

been committed by the trial court", *Peine* v. *Murphy,* 46 Haw. 233, 238, 377 P.2d 708 (1962), *see also Filipino Fed. of America* v. *Cubico,* 46 Haw. 353, 364, 380 P.2d 488 (1963), nor "driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding." *Low* v. *Honolulu Rapid Transit,* 50 Haw. 582, 586, 445 P.2d 372, 376 (1968). *See also Lennen & Newell, Inc.* v. *Clark Enterprises, Inc., supra.*

Affirmed.

*Ton Seek Pai* (*Okumura* and *Takushi* of counsel) for defendant-appellant.

*James F. Ventura* (*Ronald D. Libkuman* of counsel) for plaintiff-appellee.