CLYDE HONDA, TSUTOMU KAKESAKO, KIYOSHI ONOUYE, KAZUO OMIYA AND KWAI CHAN LOOK *v.* YEISUKE ALAN HIGA AND ALICE MIYOKO HIGA.

No. 4897.

SEPTEMBER 22, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY ABE, J.

The plaintiffs, a group of real estate developers, entered into an option agreement with the defendants, whereby the plaintiffs for a consideration of $70,000 were given an option to purchase land owned by the defendants for the total purchase price of $600,000.00. The plaintiffs had until February 28, 1961 to exercise this option and upon their failure to do so the defendants had the right to retain the $70,000. The agreement required the defendants to subdivide the parcel of land into four lots and it also provided that in the event the land was not so subdivided by February 10, 1961, the agreement would become null and void and the defendants were required to return the $70,000.

The land was not subdivided as required by February 10, 1961 and the plaintiffs demanded the return of $70,000. Upon the failure of the defendants to repay $70,000 this action was brought against the defendants. The trial court rendered judgment for the plaintiffs for the sum of $70,000 and the defendants appealed from this judgment.

The defendants concede that under the agreement the plaintiffs are entitled to recover $70,000, but contend that the plaintiffs waived the requirement imposed by the agreement upon the defendants to have the parcel of land subdivided. The trial judge heard considerable testimony on this waiver issue and concluded that no such waiver took place and plaintiffs were entitled to the $70,000. Defendants claim the finding on waiver is contrary to the overwhelming weight of the evidence and ask this court to set it aside. We cannot set aside such findings of fact unless we are convinced they are clearly erroneous under H.R.C.P. Rule 52(a).

The defendants contend that though the contract placed the duty upon the defendants to have the subdivision of the parcel of land consummated by February 10, 1961, they were relieved of this responsibility because Hamaishi, the leader and spokesman for the plaintiffs, had agreed to and had undertaken that burden.[1] It is uncontroverted that the defendants appointed Clarence Hamaishi their attorney-in-fact to have the land subdivided. There is evidence to show that Hamaishi appeared before the various agencies of the City & County of Honolulu in connection with the subdivision application. However, the participation by Hamaishi in the subdivision or rezoning efforts does not necessarily indicate participation by the

---

[1] There is evidence that Clarence Hamaishi retained the services of George Houghtailing, a planning engineer. to have a very large area of land in Waihee Valley rezoned, including the defendants' subject land.

plaintiffs because Hamaishi could have acted as agent for the defendants pursuant to the power of attorney. There is no other evidence whatsoever to indicate any participation by any of the plaintiffs, other than by Hamaishi as above stated. Also there is no evidence otherwise to show that the plaintiffs waived the requirement of having the parcel of land subdivided. After reviewing the record of this case we are not left with the required "definite and firm conviction that a mistake has been committed." *Ed Klein, Inc.* v. *Hotel Kaimana, Inc.*, 51 Haw. 268, 269-70, 457 P.2d 210 (1969); *Shannon* v. *Murphy*, 49 Haw. 661, 426 P.2d 816 (1967); *Peine* v. *Murphy*, 46 Haw. 233, 377 P.2d 708 (1962).

Affirmed.

*John H. Robinson* (*Helen B. Ryan* with him on the briefs) for defendants-appellants.

*Vernon T. Tashima* for plaintiffs-appellees.