# NOBORU MATSUMOTO AND CLAIRE MATSUMOTO
*v.* KENNETH M. KAKU.

## No. 5002.

APRIL 23, 1971.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ., AND
CIRCUIT JUDGE LUM IN PLACE OF KOBAYASHI, J.,
DISQUALIFIED.

### OPINION OF THE COURT BY ABE, J.

This action was instituted by the plaintiffs, Noboru
Matsumoto and Claire Matsumoto, to recover damages for
injuries suffered by them in a collision involving two auto-
mobiles, one driven by plaintiff Noboru Matsumoto[1] and

---

[1] The appeal only involves plaintiff Noboru Matsumoto and thus he
will be referred to hereafter as the plaintiff.

the other by the defendant, at the intersection of Waialae Avenue and 1st Avenue in Honolulu.

It appears that the defendant driving on 1st Avenue at the intersection above mentioned attempted to cross Waialae Avenue, a through street, and the collision occurred in the lane next to the curbing on the opposite side of Waialae Avenue or farthest from where he started.

The case was tried without a jury and the defendant appealed from the judgment rendered by the trial court in favor of the plaintiffs.

The defendant raises three points on appeal. The first two points question the findings of the trial court; however, defendant has failed to show that the findings are clearly erroneous. We find it only necessary to so state in disposing of the first two grounds in light of the numerous cases decided recently by this court on this question.[2]

The principal point of appeal, as admitted by the defendant, is on the issue of apportionment of damages for the injuries suffered by the plaintiff.

It is uncontroverted that at the time of the collision the plaintiff was suffering from back pains brought about by his lifting trash cans and possibly from Karate exercises. There is no question that the back pains were aggravated by the automobile collision. All the physicians testifying stated that it was impossible to apportion the injuries. Both parties also conceded at the hearing before us that the injuries could not be apportioned. The trial court held that the defendant was liable for the total damages, including the aggravation of the pre-existing back condition.

The issue now before us is closely related to the issues we decided in three recent cases, namely: *Kawamoto* v.

---

[2] Honda v. Higa, 52 Haw. 311, 474 P.2d 708 (1970) ; Siko v. Seguirant, 51 Haw. 118, 120, 452 P.2d 447 (1969) ; Ed Klein, Inc. v. Hotel Kaimana, Inc., 51 Haw. 268, 457 P.2d 210 (1969) ; Low v. Honolulu Rapid Transit Co., 50 Haw. 582, 445 P.2d 372 (1968).

*Yasutake,* 49 Haw. 42, 410 P.2d 976 (1966) ; *Loui* v. *Oakley,* 50 Haw. 260, 438 P.2d 393 (1968) ; and *Bachran* v. *Morishige,* 52 Haw. 61, 469 P.2d 808 (1970).

In *Kawamoto* v. *Yasutake, supra,* we held that where the plaintiff with a diseased condition suffered injuries as a result of the defendant's negligence and the damages could not be apportioned, the defendant would be liable for the entire damages and that it was immaterial whether the injuries were new ones or an aggravation of the pre-existing condition.

In *Loui* v. *Oakley, supra,* we were confronted with two divergent and conflicting propositions of law. The plaintiff on one hand advocated that where a person is injured in successive automobile collisions and sues the first tortfeasor, and it is shown that the injuries suffered by him are indivisible, he should recover from the first tortfeasor the full amount of the damages for all of the injuries resulting from all of the accidents. On the other hand, the defendant argued that the burden of proof was on the plaintiff and if he is unable to show what portion of the damages was attributable to the first accident, he should be denied recovery. We stated that in "[d]etermining the extent of damages for which the defendant should answer is not a question of causality in the strict sense but rather a question of policy." *Supra* at p. 261. Also, we stated that under the circumstances of the case "the proper procedure is for the trial court to instruct the jury that if it is unable to determine by a preponderance of the evidence how much of the plaintiff's damages can be attributed to the defendant's negligence, it may make a rough apportionment." *Supra* at p. 264.

In *Bachran* v. *Morishige, supra* at 64 we pointed out that *Loui* "did not hold that whenever a plaintiff is injured in more than one accident the damages should always be apportioned between the accidents." We also said:

"[I]t must be remembered that *Loui* v. *Oakley* was decided on a policy question to 'steer a careful course between the Scylla of denying the plaintiff and the Charybdis of imposing on one defendant all the damages, at least some of which would not have occurred without the independent acts of other persons.' 50 Haw. at 263-264, 438 P.2d at 396. It does not overrule *Kawamoto* v. *Yasutake, supra.*"

*      *      *      *

"We believe a fair rule is to hold that where a person has suffered injuries in a prior accident and has fully recovered, and later he is injured by the negligence of another person and the injuries suffered in the later accident bring on pain, suffering and disability, the proximate cause of the pain, suffering and disability is the negligence of that other person. In such circumstances that other person should be liable for the entire damages." *Supra* at 65.

It should be pointed out that in *Bachran* the record showed that the plaintiff had suffered prior injuries in another automobile collision involving independent acts of a third party; however, the action was against the driver of the automobile involved in the second collision.

Here, the uncontroverted evidence is that the plaintiff's pre-existing condition (back pains) was not brought about by transaction or action involving any other person. There is absolutely no possibility for the plaintiff to recover damages other than from the defendant. Thus, we are not faced with the problem of imposing on the defendant all of the damages, "at least some of which would not have occurred without the independent acts of other persons." *Loui* v. *Oakley, supra* at 263-264. We believe this factor distinguishes this case from both *Loui* and *Bachran.*

The facts are clear that the plaintiff was suffering from back pains prior to the collision; that the pre-existing back

injuries were self inflicted; that he suffered new injuries to his back or the existing injuries were aggravated in the collision of automobiles involving the defendant; and that the injuries were indivisible. Now as the plaintiff was suffering from a pre-existing back ailment and the damages for the injuries are not apportionable, shouldn't he be entitled to recover total damages from the defendant under *Kawamoto?* It is correct that in *Kawamoto* at the time of the accident the plaintiff had a pre-existing diseased condition, but should the rule of that case be limited only to "pre-existing *diseased* condition"? Is there any justification to differentiate the "pre-existing condition" as between "diseased" and such condition brought about by some exterior force or influence?

We cannot see any realistic reason for differentiating and classifying the pre-existing condition as to whether it was brought about by disease or by some exterior force or influence. On the facts of this case, where the pre-existing back ailment was not the result of any transaction involving other persons, we hold that such pre-existing condition should be treated no differently than from a condition brought about by disease.[3]

---

[3] In Wise v. Carter. 119 So. 2d 40 (Fla. 1960), the Florida District Court of Appeals held that a plaintiff could recover damages for the entire injuries. including the injuries she suffered from a fall 22 days before the automobile collision. if the damages could not be apportioned. As its authority it cited Hamblen, Inc. v. Owens, 127 Fla. 91, 95-96, 172 So. 694, 696 (1937). The latter case involved a claim of negligence by a plaintiff-employee against his employer. He had suffered injuries when a stepladder collapsed and it became necessary to have his leg amputated. The employer-defendant had argued that 14 years prior to the incident, the plaintiff as a boy had suffered a fractured kneecap and that he was then operated for osteomyelitis. He became symptomatically well but that the germ of that disease which had remained dormant had been reactivated and thus he was not liable. In answer the court said "it is settled law that where injuries aggravate an existing ailment or develop a latent one the person whose negligence caused the injury is required to respond in damages for the results of the disease as well as the original injury. * * * The defendant must respond in damages for such part of the diseased condition as his negligence has caused and if there can be no apportionment, * * * then his negligence is responsible for the diseased condition."

634

Here, it has been agreed by both parties that the injuries are indivisible. Therefore, we hold that the defendant is liable to the plaintiff for the total damages for the injuries whether the injuries were new ones or an aggravation of the pre-existing condition.

Judgment affirmed.

*Bert T. Kobayashi, Jr.* (*Kobayashi, Toyofuku & Koshiba* of counsel) for defendant-appellant.

*Bert S. Tokairin* for plaintiffs-appellees.

---

### DISSENTING OPINION OF LEVINSON, J.

I dissent.

I would reverse this case and remand for a new trial on the issue of apportionment of damages. Such a result is required, I believe, by this court's decision in *Loui* v. *Oakley,* 50 Haw. 260, 438 P.2d 393 (1968). That case presented the question whether a plaintiff injured in a series of automobile accidents may recover from the first tort-feasor damages resulting from all of the accidents if the jury is unable, by a preponderance of the evidence, to apportion the damages among the various accidents. We held in that case that it would be unjust to place responsibility for the entire loss on the first defendant because to do so would impose liability on him for injuries which he did not inflict. *Loui* v. *Oakley, supra* at 263, 438 P.2d at 396. In order to avoid this hardship the trial judge was ordered to instruct the jury that if it was unable to determine by a preponderance of the evidence how much of the plaintiff's damages could be attributed to the defendant's negligence, it could make a rough apportionment. *Loui* v. *Oakley, supra* at 264, 438 P.2d at 396-97. For the reasons set forth below I believe the present case falls within the purview of the *Loui* case and therefore the trial court erred in refusing to apportion the damages suffered by the plaintiff.

The principle enunciated in *Loui* v. *Oakley, supra,* that liability for damages should be proportionate to the injury inflicted was clarified and affirmed in the recent case of *Bachran* v. *Morishige,* 52 Haw. 61, 469 P.2d 808 (1970). In *Bachran* the plaintiff had *fully recovered* from injuries sustained in a prior accident and her latent condition was reactivated by the negligent acts of the defendant. In such circumstances we held that it was proper for the court to refuse apportionment since *all* of the pain and disability *presently* suffered by the plaintiff resulted solely from the defendant's negligence. *Bachran* v. *Morishige, supra* at 65, 469 P.2d at 811.

The result in the *Bachran* case is consistent with the rationale in *Loui* v. *Oakley, supra,* because in the former case there was no possibility that the defendant would be liable for medical expenses attributable to injuries which were not the result of his negligent acts. In *Bachran* the plaintiff's condition was dormant. At the time of the accident she was not receiving any medical treatment. Thus, in the absence of the defendant's act of negligence the plaintiff would not have incurred any medical expenses or suffering at all. The defendant was properly held to be liable for the entire damages.

Although it would have been unjust to apportion damages under the facts in the *Bachran* case, the court in that case did clarify when, under the holding in *Loui* v. *Oakley, supra,* apportionment should be granted. My Brother Abe writing for the court stated, *Bachran* v. *Morishige, supra* at 66, 469 P.2d at 811-12:

> If the plaintiff had not fully recovered from the injuries she suffered in the 1962 accident and in 1964 she was still experiencing pain and suffering and was disabled from such injuries, the total damages would not be the proximate result of the 1964 accident. Then *Loui* v. *Oakley, supra,* as stated above, would be appli-

cable and the damages should be apportioned. Further, under that rule, if the jury found apportionment of the damages impossible, it could then divide the total amount of the damages resulting from the two accidents equally between the two accidents.

The above situation is the one facing us today. In the present case it is undisputed that at the time of the collision the plaintiff was still experiencing pain and suffering from back pains brought about by his lifting trash cans and possibly from engaging in Karate exercises. He was also receiving medical treatment for these disabilities. The question to be answered is whether the defendant should be held liable for the entire damages, including payment for medical expenses the plaintiff would have incurred even if the accident had not occurred. I believe such a result would be unjust.

If the record supports the conclusion that the defendant's acts aggravated the plaintiff's condition it also demonstrates, with equal certainty, that a certain proportion of the total damages suffered by the plaintiff are not attributable to the fault of the defendant. To hold, as the majority does, that the defendant is liable for these non-inflicted damages is contrary to the concept of fairness implicit in the fault theory. *Loui* v. *Oakley, supra* at 263, 438 P.2d at 396. Nor should it matter, contrary to the assertions of the majority, that in *Loui* v. *Oakley, supra,* the plaintiff's injuries were caused by third parties while in the instant case they are "self-inflicted." The real issue is whether the plaintiff was suffering from and receiving treatment for injuries arising prior to the defendant's acts. The policy to be upheld is that the defendant should not be made to pay for injuries he did not cause. The source of the unrelated injuries is immaterial.

Finally, I would remand this case to the trial court to ascertain if a rough apportionment of the plaintiff's

injuries is at all possible. The trial court's finding of fact on the issue of apportionment was erroneously based on the test of "reasonable medical certainty." This court has held that such a restrictive standard is not appropriate for ascertaining the apportionment of damages. *Bachran v. Morishige, supra* at 67, 469 P.2d at 812. At a rehearing the medical experts should be given an opportunity to testify freely as to the possibility of dividing the damages so that the trier of fact may make a rough apportionment. If a rough apportionment cannot be made then the damages must be distributed equally among the various accidents. *Bachran v. Morishige, supra* at 68, 469 P.2d at 812.