EUGENE D. BUFFANDEAU, Plaintiff-Appellee, *v.* CLIFFORD P. S. SHIN, Defendant-Appellant

NO. 6039

DECEMBER 28, 1978

RICHARDSON, C.J., OGATA, MENOR
AND KIDWELL, JJ., AND CIRCUIT JUDGE LANHAM
IN PLACE OF KOBAYASHI, J., DISQUALIFIED

*Per Curiam.* This is an action for the recovery of a share of the profits from the sale of real property. The judgment of the circuit court in favor of the plaintiff is affirmed. In concluding that the plaintiff and the defendant purchased the property as equal partners, and that the plaintiff, therefore, was entitled to one-half of the net sales profits of $63,345.00, or $31,672.50, less the sum of $1,950.00 which the defendant had advanced in behalf of the plaintiff, the trial court made the following pertinent findings of fact:

That on or about May, 1972, the Plaintiff and the Defendant agreed to purchase as equal partners that certain parcel of fee simple land located in Kahaluu, Oahu containing a land area of approximately 2.669 acres and bearing Tax Map Key Number 4-7-32-11.

That Gary K. Fukumitsu was appointed as a nominee in the purchase of said property.

\* \* \* \*

That following the purchase of said property the Plaintiff and the Defendant proceeded with plans to subdivide said property.

That on or about September 15, 1972, the Plaintiff negotiated a sale of said property with Island Financial

Service Corporation, and an agreement to sell was executed by the parties in the amount of $120,000.00.

That subsequently this agreement was rescinded and said property was sold to Honolulu Federal for the amount of $225,000.00 on or about October 31, 1972.

\* \* \* \*

That the net profits from the sale of said property amounted to the sum of $63,345.00.

That the Plaintiff and Defendant agreed to split profits from the sale of said parcel on a 50/50 basis.

The general rule is that "a partnership exists where the parties have agreed to share, as common owners or principals, the profits of a business and that whether an agreement creates a partnership or not depends upon the intention of the parties." *Barnes v. Collins*, 16 Haw. 340, 343 (1906). Under now-existing Hawaii law, a partnership is statutorily defined as "an association . . . of two or more persons to carry on as co-owners a business for profit." HRS § 425-106(1). There are no specific indices of partnership, although an agreement to share in the profits and losses of a business is weighty evidence thereof. Further, in order to constitute a partnership, "there need be no partnership name, nor need it be stipulated that there is a partnership." *Barnes v. Collins, supra.*

Whether or not a partnership existed in the instant case required the resolution of disputed issues of fact. It was for the trial court to determine the weight of the evidence and the credibility of witnesses. *Shinn v. Yee*, 57 Haw. 215, 219, 553 P.2d 733, 737 (1976), *reh. denied*, 57 Haw. 672. We need not here indulge in a detailed exposition of the facts, for we are satisfied, upon a thorough review of the record, that the trial court's findings of fact are supported by substantial evidence. Findings of fact will not be set aside unless found by this court to be clearly erroneous. H.R.C.P. Rule 52(a); *Shinn v. Yee, supra*. And where findings of fact are supported by substantial evidence, as they are in this case, they will be sustained. *Id.*

Affirmed.[1]

_____

[1] We find the defendant-appellant's other specifications of error to be without merit.

*Jack C. Morse (Chuck & Pai,* of counsel) for Defendant-Appellant.

*Berton T. Kato (Kobayashi, Koshiba & Watanabe,* of counsel) for Plaintiff-Appellee.