HAINES, JONES, FARRELL, WHITE, GIMA ARCHITECTS, LTD., Claimant-Appellant, *v.* MAALAEA LAND CORPORATION; FRANKLYN E. LANGA, and SANFORD J. LANGA, Trustees Under Trust Deed; ROBERT P. BRUCE and PHYLLIS C. BRUCE, Trustees Under Trust Agreement; AMERICAN SAVINGS AND LOAN ASSOCIATION; and ROBERT R. EPLEY, Respondents-Appellees

NO. 6128

MARCH 19, 1980

RICHARDSON, C.J., OGATA, MENOR, JJ., AND RETIRED JUSTICE KOBAYASHI ASSIGNED BY REASON OF VACANCY*

---

*Justice Kidwell, who heard oral argument in this case, retired from the court on February 28, 1979. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."

14

OPINION OF THE COURT BY OGATA, J.

The claimant-appellant, Haines, Jones, Farrell, White, Gima Architects, Ltd., has appealed the denial of its application for the attachment of a mechanic's lien by the court below.

On March 24, 1972, the firm of Lemmon, Freeth, Haines, Jones and Farrell[1] contracted to furnish architectural services for the development of a condominium project at Maalaea, Island of Maui, State of Hawaii, with the lessee of the property, Maalaea Land Corporation (hereinafter "Corporation"), one of the defendants-appellees. The other defendants-appellees are the owners of the property, American Savings and Loan Association as mortgagee, and the successor developer of the condominium project.

The appellant agreed to provide a feasibility study, to prepare design and working drawings, to assist in negotiating a contract with a general contractor, and to supervise the construction of proposed improvements. The fee for appellant's services was to be calculated at 6.5% of the final construction cost. The appellant agreed to accept $2500 for the feasibility study phase of the contract and to delay collection of the balance of the fee until financing for the project had been obtained and funds were available to the Corporation. The appellant prepared the feasibility study and received $2500. In addition, the appellant designed and prepared the plans for the project.

Due to an unforeseen escalation in construction costs during 1973, the Corporation was unable to arrange the necessary financing to begin the project. After numerous at-

---

[1] Lemmon, Freeth, Haines. Jones and Farrell later became Farrell, White, Gima Architects, Ltd., the claimant-appellant here.

tempts to revive the condominium project, the Corporation allowed its lease on the property to expire. When another developer offered to take over the project in June, 1975, the new contract between the developer and the Corporation did not provide for payment of the appellant's fee.

On July 28, 1975, the appellant filed a Notice of Mechanic's and Materialman's Lien and Demand for Payment in the amount of $222,778.00 against the owners, the Corporation, and the new developer of the subject property in Second Circuit Court. After a hearing, the court made findings of fact and denied the appellant's application because sufficient probable cause for the existence of the lien did not exist. We affirm.

The dispositive question upon appeal is whether the appellant established probable cause for the existence of a lien upon the Maalaea land. HRS § 507-43 (1976). To do so, the appellant must have demonstrated that an improvement was made upon the subject property.

HRS § 507-42 (1976) provides, in pertinent part:

Any person or association of persons furnishing labor or material in the improvement of real property shall have a lien upon the improvement as well as upon the interest of the owner of the improvement in the real property upon which the same is situated, or for the benefit of which the same was constructed, for the price agreed to be paid (if the price does not exceed the value of the labor and materials), or if the price exceeds the value thereof or if no price is agreed upon by the contracting parties, for the fair and reasonable value of all labor and materials covered by their contract, express or implied.

HRS § 507-41 (1976) defines "improvement" to include: the construction, repair, alteration of or addition to any building, structure, road, utility, railroad, or other undertaking or appurtenances thereto, and includes any building, construction, erection, demolition, excavation, grading, paving, filling in, landscaping, seeding, sodding, and

planting, or any part thereof existing, built, erected, placed, made, or done on real property, or removed therefrom, for its benefit.

The evidence showed that the appellant performed the following activities upon the property:

1. A ceiling and door in an existing beach cottage were removed.

2. Pins were placed to mark the boundaries of the property.

3. Test borings were made.

The court below found that these activities did not constitute an improvement upon the land and held, therefore, that no lien could attach.

Rule 52(a), HRCP, states that "[f]indings of fact shall not be set aside unless clearly erroneous." We have held that a clearly erroneous finding has occurred when "the reviewing court is driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding." *Low v. Honolulu Rapid Transit Co.*, 50 Haw. 582, 586, 445 P.2d 372, 376 (1968). After a careful examination of the record, we find that the court below did not err in concluding that no improvement existed.

The reasoning of the court in *Gohellon, Schemmer, & Assocs., Inc. v. Fairway-Bettendorf Assocs.*, 268 N.W.2d 200 (Iowa 1978), is helpful to the resolution of the instant case. In *Gohellon*, the plaintiff contracted to perform architectural services in the development of a multi-family dwelling project. The plaintiff's services consisted of surveying the land, marking boundaries, marking the locations of pipeline and sewer easements, preparing plans and specifications, and arranging for platting and municipal approval thereof. The project was ultimately abandoned and the plaintiff's plans were never used. The Supreme Court of Iowa held that plaintiff's enumerated services did not constitute an improvement to the real estate involved. The court stated that, although it realized that plaintiff's services were valuable, they did not result in any actual or visible improvement to the land. Therefore, no lien could exist. *Id.* at 201-02.

In the present case, the appellant's minor remodelling, marking of boundaries, and test borings did not result in any actual or visible improvement to the land. Thus, the appellant did not establish probable cause to enable a lien to attach to the Maalaea property.

Affirmed.

*Michael L. Biehl (Case, Kay, Clause & Lynch* of counsel) for claimant-appellant.

*Sanford J. Langa (Langa & Archer* of counsel) for respondents-appellees.