WILLIAM WRIGHT and ROSA E. TOULON, Plaintiffs-Appellants, *v.* STAN CHATMAN, Defendant-Appellee

and

WILLIAM WRIGHT, Plaintiff-Appellant, *v.* ADELE HIRSCH, Defendant-Appellee

NO. 6914

APRIL 1, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This appeal arises out of two civil actions that were consolidated for non-jury trial. Both cases evolved from an incident occurring on October 25, 1976, in which Defendant-Appellee Chatman, the manager of the Pavilion at Waikiki condominium, allegedly allowed an unauthorized entry by Defendant-Appellee Hirsch into the apartment of her daughter, Plaintiff-Appellant Toulon, which allegedly resulted in injury to Toulon's guest, Plaintiff-Appellant Wright.

At the conclusion of the three-day trial, at which numerous witnesses testified on each side, the trial judge concluded, *inter alia,* that an emergency situation existed at the time that justified Chatman in opening the door to the apartment; that Hirsch acted in a reasonable and prudent manner given her concern for the safety of her daughter and grandson; and that Hirsch did not cause any injuries to Wright.

Judgment was entered in favor of Chatman and Hirsch against Wright. We affirm that judgment.

Wright complains that the findings are not sustained by substantial evidence and, therefore, should be reversed. Whether and to what extent liability existed in these cases depended upon the resolution of disputed issues of fact. It was for the trial court to determine the weight of the evidence and the credibility of the witnesses. *Buffandeau v. Shin,* 60 Haw. 280, 587 P.2d 1236 (1978). The court may accept or reject the testimony of a witness in whole or in part. *Shinn v. Yee, Ltd.,* 57 Haw. 215, 553 P.2d 733 (1976); *State v. Cannon,* 56 Haw. 161, 532 P.2d 391 (1975). Accordingly, where the trial court's determinations of fact are largely dependent upon the resolution of conflicting testimony, great weight will be accorded its findings upon review. *Shinn v. Yee, Ltd., supra; Lopez v. Tavares,* 51 Haw. 94, 451 P.2d 804 (1969). Our scope of review is confined to a determination whether the trial court's findings are supported by substantial evidence. *In re Charley's Tour and Transp. Inc.,* 55 Haw. 463, 522 P.2d 1272 (1974). Substantial evidence is relevant and credible evidence of a quality and quantity to justify a reasonable person in reaching a conclusion. *Shinn v. Yee, Ltd., supra; In re Charley's Tour and Transp. Inc., supra.*

Further, Rule 52(a) of the Hawaii Rules of Civil Procedure provides that:

In all actions tried upon the facts without a jury . . . [f]indings of

fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing Court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Kim v. State*, 62 Haw. 483, 616 P.2d 1376 (1980). Otherwise stated by the Hawaii Supreme Court in *Haines v. Maalaea Land Corp.*, 62 Haw. 13, 608 P.2d 405 (1980): "We have held that a clearly erroneous finding has occurred when 'the reviewing court is driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding.' *Low v. Honolulu Rapid Transit Co.*, 50 Haw. 582, 586, 445 P.2d 372, 376 (1968)."

In the instant cases, we do not need to indulge in a detailed exposition of the facts because our careful review of the record, giving due regard to the trial court's opportunity to judge the credibility of the witnesses, convinces us that the findings of the court were based upon substantial evidence and have not been shown to be clearly erroneous. Therefore, the judgment is sustained.

Additionally, we note that the appellant substantially failed to comply with Rule 3(b)(5),[1] RSCSH (1980).

Rule 3(b), RSCSH, specifies the required format and content of all opening briefs. It compels the appellant to specifically set forth what is being appealed and why. Noncompliance forces this court to speculate on the what and the why of the appeal. It also forces us to do the work that is more properly done by the appellant.

---

[1]

Rule 3(b). Opening Brief. Within 60 days after the filing of the record on appeal, the appellant shall file an opening brief, containing in the order here indicated:

\* \* \* \* \*

(5) A concise statement of the points on which appellant intends to rely. . . . When the point involves findings or conclusions of the court below, those urged as error shall be quoted and there shall be included a statement of the particulars wherein the findings of fact or conclusions of law are alleged to be erroneous.

\* \* \* \* \*

Although we do not do so in this case, we will in appropriate cases use the power given to us in Rule 3(f),[2] RSCSH.

Affirmed.

*Victor Agmata, Jr.,* for plaintiffs-appellants.

*Sidney K. Ayabe (Roy T. Chikamoto* with him on the brief) for defendants-appellees.

---

[2] Rule 3(f). Briefs in Default or Not in Conformity With Rule. ***When the brief of an appellant is otherwise not in conformity with this rule, the case may be dismissed.***