NAKASHIMA ASSOCIATES, INC., a Hawaii corporation, Lienor-Appellant, *v.* PACIFIC BEACH CORPORATION, Lessee & Contracting Party-Appellee, and TRUSTEES OF THE LILIUOKALANI TRUST AND CITY AND COUNTY OF HONOLULU, Fee Owners, and HONOLULU FEDERAL SAVINGS & LOAN ASSOCIATION AND HAWAII THRIFT AND LOAN INCORPORATED, Mortgagees, Respondents

NO. 7721

(M. L. NO. 3566)

### AND

DANNY SHIN, Lienor-Appellant, *v.* PACIFIC BEACH CORPORATION, Lessee & Contracting Party-Appellee, and TRUSTEES OF THE LILIUOKALANI TRUST AND CITY AND COUNTY OF HONOLULU, Fee Owners, and HONOLULU FEDERAL SAVINGS & LOAN ASSOCIATION AND HAWAII THRIFT AND LOAN INCORPORATED, Mortgagees, Respondents

NO. 7722

(M. L. NO. 3567)

MARCH 2, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is a consolidated appeal from two orders below denying applications for the attachment of mechanic's liens. We reverse.

The two applicants below rendered engineering and/or architectural services as subcontractors to Jo Paul Rognstad in the preparation of plans and specifications for an addition to the Pacific Beach Hotel. Based upon those plans and specifications, a building permit was received prior to a deadline set by ordinance after which only a reduced building could be constructed. Under the building permit, some 21 test piles were driven. Thereafter, the project was completely redesigned by another architect and the building was constructed in accordance with his plans.

The court below, in Mechanic's Lien No. 3566, entered an order denying Nakashima Associates' application for a lien. That order stated:

> 1. That the Lienor, NAKASHIMA ASSOCIATES INC. contracted and performed work for JO PAUL ROGNSTAD. ROGNSTAD'S work was not utilized in the actual construction of the project.

An identical finding was entered in Mechanic's Lien No. 3567 with respect to Appellant Shin. Section 507-42, HRS, provides in part:

> Any person or association of persons furnishing labor or material in the improvement of real property shall have a lien upon the improvement as well as upon the interest of the owner of the improvement in the real property upon which the same is situated . . .

Section 507-41 provides:

> "Improvement" includes the construction, repair, alteration of or addition to any building, structure, road, utility, railroad, or other undertaking or appurtenances thereto, and includes any building, construction, erection, demolition, excavation, grading, paving, filling in, landscaping, seeding, sodding, and planting, or any part thereof existing, built, erected, placed, made, or done on real property, or removed therefrom, for its benefit.

> "Labor" includes professional services rendered in furnishing the plans for or in the supervision of the improvement.

We take it that the denial of the liens in this case was based on an

implied, if not an express finding, that appellants' labor was not incorporated into the improvement of the project.

In *Haines v. Maalaea Land Corp.*, 62 Haw. 13, 608 P.2d 405 (1980), the Supreme Court of Hawaii held that an architect could not obtain a lien for services rendered on an abandoned project where the only work done on the premises was the removal of a ceiling and door from an existing beach cottage, the placing of pins to mark the boundaries of the property and the making of test borings. It held that the finding of fact of the trial court that those activities did not constitute an improvement to the land would not be disturbed unless the court was driven irrefragably to the conclusion that all objective appraisals of the evidence would result in a different finding. In our case, appellee argues, in its brief at page 19,

> However, at the time of hearing, the Appellants failed to present evidence that these piles were in fact incorporated into project as constructed. Therefore, any attempt by Appellants to infer that these piles were incorporated into the final structure is entirely without foundation.

If that had been the evidentiary situation before the court below, we would affirm the ruling. However, it was not. During the redirect examination of Claimant Shin, the following occurred:

Q. Mr. Shin, what is your understanding of how Pacific Beach did use your plans?

A. Physically?

Q. However.

A. They drove — according to that building inspector's record — they drove 21 piles — 21 piles were driven. At that time, the only plan available was our plan.

THE COURT: To get the building permit, they used your plans, right? That's how they got to drive the piles in — that's what you're telling me?

THE WITNESS: They drove the piles, and later on they used the piles as part of the foundation.

(Tr. of October 2, 1979 at 26.) The testimony just quoted is not refuted in the evidence.

Accordingly, the finding of fact, expressed or implied, that the appellants did not furnish labor in the improvement of the real property in question is clearly erroneous.

The depositions herein reveal that appellants had arrived at no

set price for their services with the person with whom they contracted. Accordingly, they are entitled to have a lien attached to the property but only to the extent of the value of their services incorporated into the improvements, and to have a judgment therefor, assuming it is ultimately found on trial that a portion of their services was incorporated into the improvements.

Reversed and remanded for further proceedings.

*Gerald S. Clay* and *Gaylord G. Tom* on the briefs for appellants.

*Bert T. Kobayashi, Jr.* and *John T. Komeiji (Kobayashi, Watanabe, Sugita & Kawashima* of counsel) on the briefs for appellee.