**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISMAIL MAHMOUD SHAHATA, | No. 10-17438 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00231-ACK-KSC |
| v. | |
| W STEAK WAIKIKI, LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Alan C. Kay, Senior District Judge, Presiding

Submitted June 29, 2012[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Ismail Shahata appeals pro se from the district court's judgment in his action

arising from the termination of his employment by W Steak Waikiki, Inc. ("W

Steak").  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Shahata brought claims for breach of contract, promissory estoppel, infliction of emotional distress, invasion of privacy, and wrongful discharge. The district court granted summary judgment in favor of W Steak on all but the breach of contract and promissory estoppel claims. After a lengthy bench trial, the district court found W Steak entitled to judgment on the remaining claims.

## I.    Bench Trial

We review the district court's findings of fact for clear error and its conclusions of law de novo. *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).

Shahata's breach of contract claim rested on the contention that W Steak promised him employment for one year. The district court found that Shahata's employment agreement with W Steak was an at-will agreement which either party could terminate with or without cause. The district court also found that Shahata failed to prove he performed his duties adequately under the employment contract. Neither finding is clearly erroneous, and each is fatal to Shahata's breach of contract claim. *See Shoppe v. Gucci America, Inc.*, 14 P.3d 1049, 1064 (Haw. 2000) (at will employment is, by definition, terminable at the will of either party for any reason or for no reason); *Low v. Honolulu Rapid Transit Co.*, 445 P.2d 372,

376 (Haw. 1968) (plaintiff must show he performed as required by contract to prevail on claim for breach).

Shahata also sought to enforce W Steak's alleged promise of employment for one year through the doctrine of promissory estoppel, an equitable mechanism for enforcing a promise that cannot be enforced legally when necessary to avoid injustice. *Gonsalves v. Nissan Motor Corp.*, 58 P.3d 1196, 1211-12 (Haw. 2002) The district court found it was not necessary to enforce the promise to avoid injustice because Shahata failed to perform his part of the contract. In addition, Shahata had an adequate legal remedy because he could, and in fact did, seek contract damages in a claim for breach of contract. *See Porter v. Hu*, 169 P.3d 994, 1007 (Haw. 2007) (absence of an adequate legal remedy is prerequisite to a claim for equitable remedy).

The district court's findings of fact from the bench trial are not clearly erroneous and we find no legal error.

## II.    Summary Judgment

We review a grant of summary judgment de novo. *White v City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007). Review is governed by the same standard used by the district court under Fed. R. Civ. P. 56(c). *Suzuki Motor Corp. v. Consumers Union, Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003). We must determine, viewing the

evidence in the light most favorable to Shahata, whether there are genuine issues of material fact and whether the district court applied the proper substantive law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

Shahata alleged that W Steak engaged in acts that either negligently or intentionally inflicted emotional distress upon him. His claim for negligent infliction of emotional distress arising from his employment is barred by the Hawaii Workers' Compensation Statute, H.R.S. § 386-5. Except in cases of sexual harassment or abuse, the statute bars civil claims by an employee against his employer for negligent infliction of emotional distress arising from employment. *Kamaka v. Goodsill Anderson Quinn & Stifel*, 176 P.3d 91, 108 (Haw. 2008). To the extent Shahata alleges negligent infliction of emotional distress not arising from employment, his claim fails because he did not present evidence of a physical injury to property or to himself or another person. *Kaho'ohanohano v. Dep't of Human Serv.*, 178 P.3d 538, 584 (Haw. 2008) (plaintiff must establish physical injury to property or to the plaintiff or to another person in order to recover for negligent infliction of emotional distress).

A claim for intentional infliction of emotional distress requires the plaintiff to show that the defendant intentionally or recklessly engaged in a harmful act that

was outrageous and caused extreme emotional distress. *Young v. Allstate Ins. Co.*, 198 P.3d 666, 692 (Haw. 2008). Outrageous conduct is "conduct exceeding all bounds usually tolerated by decent society and which is of a nature especially calculated to cause . . . mental distress of a very serious kind." *Hac v. Univ. of Haw.*, 73 P.3d 46, 60-61 (Haw. 2003). Viewing the evidence in the light most favorable to Shahata, W Steak did not engage in outrageous conduct.

Shahata alleged invasion of privacy on the theory that W Steak placed him in a false light by terminating him for shortcomings that were not his fault. Such a claim requires evidence that the defendant gave publicity to a matter that places the plaintiff in a false light that would be highly offensive to a reasonable person. *Chung v. McCabe Hamilton & Renny Co., Ltd.*, 128 P.3d 833, 847 n.18 (Haw. 2006). Shahata conceded in testimony that he was not aware of any one who had been told that problems at W Steakhouse Waikiki were his fault. Accordingly, the district court correctly found that Shahata failed to establish the publication element of his claim.

Shahata alleged wrongful discharge in violation of public policy, but he failed to allege or present evidence of a clear public policy that would be vindicated by his claim. *See Parnar v. Americana Hotels, Inc.*, 652 P.2d 625, 630 (Haw. 1982) (plaintiff terminated for giving information about employer's possible

antitrust violation) citing *Peterman v. Int'l Bhd. of Teamsters*, 344 P.2d 25, 27 (Cal.App.1959) (termination for refusal of employer's instructions to commit perjury). The argument that his termination violated a public policy in favor of promissory estoppel does not state a claim.

Viewing the evidence in the light most favorable to Shahata, he failed to allege or present evidence to support necessary elements of his claims for infliction of emotional distress, invasion of privacy, and wrongful discharge in violation of public policy. The district court properly granted summary judgment in favor of W Steak on those claims.

### III.   Attorneys' Fees

Shahata challenges the district court's award of attorneys' fees for the first time on appeal. He did not oppose the motion in the district court and did not file a notice of appeal after the order was filed. "A timely notice of appeal from the judgment or order complained of is mandatory and jurisdictional." *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 1001 (9th Cir. 2012) quoting *Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007). Shahata's failure to file a timely notice of appeal deprives this court of jurisdiction to hear Shahata's challenge to the district court's order of January 6, 2011 regarding attorneys' fees.

**IV.    Shahata's remaining contentions**

We have considered Shahata's remaining contentions and find that they have no merit.  Accordingly, the judgment of the district court is **AFFIRMED.**