534 P.2d 1099

Grant O. BUSHONG, Plaintiff-Respondent,

v.

KAMIAH GRAIN, INC., an Idaho Corporation, and John W. Farlow, Defendants-Appellants.

No. 11504.

Supreme Court of Idaho.

May 6, 1975.

Karl Jeppesen, Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendants-appellants.

Ellison M. Matthews, Matthews & Lee, Boise, for plaintiff-respondent.

McFADDEN, Justice.

Grant O. Bushong instituted this action to recover damages for personal injuries and property damages sustained when a vehicle operated by Bushong collided with a truck leased by Kamiah Grain, Inc., and driven by John W. Farlow. At trial the jury returned a special verdict finding that Farlow was negligent, that his negligence was a proximate cause of the accident and the resultant damages and injuries, that Bushong was not negligent, and that Bushong sustained damages in the amount of $28,500. Judgment was entered on the verdict against Farlow and Kamiah Grain, Inc., in the amount of $28,500. Kamiah Grain, Inc. and Farlow appeal from that judgment. For reasons to be discussed, we affirm.

A pickup truck owned and operated by the plaintiff-respondent, Grant O. Bushong, collided with a truck trailer combination leased by Kamiah Grain, Inc., and driven by John W. Farlow. The accident occurred on U.S. Highway 95, near Mesa, Adams County, on June 26, 1971. Bushong was driving south on U.S. 95 and Fowler, whose tractor-trailer combination was running empty, was traveling north on the highway. Apparently, the truck driven by Fowler crossed the center line of the highway as the truck approached Bushong's vehicle. As a result, the vehicles collided.

According to the testimony, Bushong suffered extensive soft tissue injuries to his lower back, left hip, and left thigh. These injuries may have been complicated by a pre-existing condition of Bushong, who had previously suffered extensive injuries to his knees and legs in a motorcycle accident in 1944.

The principle issue raised by this appeal is whether the trial court's instruction to the jury regarding the defendants' liability for damages arising from the aggravation of Bushong's pre-existing condition by the defendants was in error.

The appellants took this appeal upon the issue of the apportionment of damages between Bushong's pre-existing condition arising from the motorcycle accident and the injuries he received in the case at bar. The appellants assign as error Jury Instruction no. 40 by which the jury, in ef-

fect, was instructed that if the defendant's (appellants') act of negligence aggravated a pre-existing condition of the plaintiff (respondent), and if no apportionment could be made of the disability between that caused by the pre-existing condition and that caused by the defendants' act, then the defendants were liable for the entire damage.

The instruction complained of must be read and construed with the other instructions given. Davis v. Bushnell, 93 Idaho 528, 465 P.2d 652 (1970). The trial court also gave an instruction describing multiple causation and instructing the jury that the plaintiff must fail unless the jury determines that his injuries were more probably caused by the negligence of the defendants than by a cause for which the defendants were not responsible. The trial court also gave an instruction on the question of aggravation of pre-existing injuries; the jury was instructed that the plaintiff was entitled to recover damages for the aggravation of a pre-existing condition proximately resulting from the injury, but that damages were limited to the additional injury caused by the aggravation.

Regarding the injuries resulting from the motorcycle accident in 1944, Bushong testified: "Both my knees were run over and kind of smashed up. Nothing broken. Cracked my knee and that was about it." Bushong said that he considered himself to be physically fit prior to the accident and that his activities were not limited by the 1944 accident. Apparently, his work at the upholsterers' trade demanded strenuous physical activity. At the time of the 1971 accident he was nationally ranked as a professional motorcycle racer. The orthopedic specialist who consulted on the treatment for Bushong's current injuries, testi-

fied that the only evidence of a pre-existing injury was a deformation of the femur bone which was shown on an X-ray of his hip. He said that this minor deformity was the result of an old injury and that the trauma received in the 1971 accident aggravated this condition. The orthopedic specialist, who examined Bushong on behalf of the appellants, testified that an arthritic condition developing in Bushong's hip may have been aggravated by the injuries received in the 1971 accident. (The evidence indicates that the injuries received in the 1944 motorcycle accident may have contributed in inducing the development of the arthritic condition.)

The legal substance of Instruction no. 40 was approved by this court in Blaine v. Byers, 91 Idaho 665, 429 P.2d 397 (1967). See, Newbury v. Vogel, 151 Colo. 520, 379 P.2d 811 (1963); Bennett v. Messick, 76 Wash.2d 474, 457 P.2d 609 (1969); Matsumoto v. Kaku, 52 Haw. 629, 484 P.2d 147 (1971). See also, Restatement Torts 2d § 461 (1965).

In summary, Instruction no. 40 was correct and was applicable to the factual issues presented. Instruction no. 40, when considered with the instructions as a whole, fairly presented to the jury the law concerning the issues relating to the apportionment of damages as framed by the pleadings and supported by the evidence. See, Davis v. Bushnell, supra; Koehler v. Stenerson, 74 Idaho 281, 260 P.2d 1101 (1953). Thus, the giving of Instruction no. 40 by the trial court was not error.

We have considered the appellants' other assignment of error and find it to be without merit.

Judgment affirmed; costs to respondent.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.