2003 UT App 171

Lucille **BEARDEN**; Dorothy Lucille Christensen Bearden, as Trustee of the Lucille Bearden Family Trust; and Harold Dee Bearden, Plaintiffs and Appellees,

v.

WARDLEY CORPORATION dba Wardley Better Homes & Gardens; Guy Gritton; Charlene Burns–Nielson; Backman Stewart Title Services, Ltd.; and Old Republic Surety Group, Defendants and Appellant.

No. 20011036–CA.

Court of Appeals of Utah.

May 30, 2003.

Kevin N. Anderson, Fabian & Clendenin, Salt Lake City, for Appellant.

Thomas R. Barton and James W. McConkie III, Prince Yeates & Geldzahler, Salt Lake City, for Appellees.

Before Judges BENCH, DAVIS, and THORNE.

## OPINION

THORNE, Judge:

¶ 1 Wardley Corporation, dba Wardley Better Homes & Gardens (Wardley), appeals from a jury verdict in favor of Lucille Bearden, the Lucille Bearden Family Trust, and Harold Dee Bearden (collectively Bearden). We affirm.

## BACKGROUND

¶ 2 Lucille Bearden decided to sell rental property (the property) owned by a family trust for which she was the trustee. Bearden listed the property with real estate agent Guy Gritton, who worked for Wardley Corporation, a real estate brokerage firm. Shortly after listing the property, Gritton told Bearden that he wanted to purchase the property for $89,000. Bearden agreed and the parties decided that Gritton would take immediate possession of the property and that Gritton would pay Bearden $400 per month followed by a one-time balloon payment at the end of five years. Bearden was to retain title until Gritton made the balloon payment.

¶ 3 Bearden and Gritton met on July 11, 1997 to execute the real estate and financing documents. Unbeknownst to Bearden, Gritton obtained Bearden's signature on a warranty deed that purported to immediately transfer title of the property to Gritton. Gritton later had Bearden's signature on the warranty deed notarized improperly and then recorded the deed.

¶ 4 Gritton took possession of the property and made sporadic payments to Bearden. After Bearden sought legal help to enforce the parties' agreement, Bearden learned that Gritton had recorded the fraudulently obtained warranty deed, had borrowed money against the property, and that the property was in foreclosure. Bearden paid approximately $60,000 to keep the property from

being foreclosed and then filed suit against Gritton and Wardley[1] claiming breach of contract, fraud, negligent misrepresentation, unjust enrichment, breach of fiduciary duty, and conversion. A jury returned a $75,000 judgment against both Gritton and Wardley. The jury also awarded $25,000 in punitive damages against Gritton and $15,000 against Wardley. In addition, the jury awarded Bearden $1,107.00 in costs, $46,970.00 in attorney fees, and $7,203.00 in prejudgment interest. Wardley appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Wardley asserts three arguments on appeal:[2] First, Wardley argues that the trial court erred in not granting its motion for summary judgment and/or directed verdict. " 'Whether the trial court properly granted summary judgment is a question of law that we review for correctness, according no deference to the trial court's legal conclusions.' " *Walter v. Stewart*, 2003 UT App 86, ¶ 15, 67 P.3d 1042 (quoting *Bakowski v. Mountain States Steel, Inc.*, 2002 UT 62, ¶ 14, 52 P.3d 1179).

¶ 6 Wardley also argues that the trial court erred by not following rule 47(*o*)[3] of the Utah Rules of Civil Procedure when it communicated with the jury during deliberations without notifying the attorneys.

The determination of the propriety of a trial court's communication with a jury during deliberations is reviewed under a correction-of-error standard, and the trial court will be reversed only if the error is "substantial or prejudicial ... such that the result would have been different had it not taken place."

*Board of Comm'rs, Utah State Bar v. Petersen*, 937 P.2d 1263, 1267 (Utah 1997) (ellipsis in original) (quoting *Tjas v. Proctor*, 591 P.2d 438, 441 (Utah 1979)).

¶ 7 Wardley next argues that the damage award is not supported by the evidence. "[T]he adequacy of a damage award is a factual question" that we will reverse only if "clearly erroneous." *Lysenko v. Sawaya*, 1999 UT App 31, ¶ 6, 973 P.2d 445, *modified* 2000 UT 58, 7 P.3d 783.

## ANALYSIS

¶ 8 Wardley argues that the trial court erred in not granting its motion for summary judgment and/or directed verdict because Bearden did not introduce evidence regarding Wardley's duty to Bearden or the resulting breach.[4] Bearden introduced into evidence a listing contract drafted by Wardley and signed by Gritton, individually and as Wardley's agent. The listing contract provided:

> Wardley Better Homes & Gardens and the Agent agree to act as agent for the Seller and will work diligently to locate a Buyer for the Property. As the Seller's agent, they will act consistent with their *fiduciary duties to the Seller of loyalty, full dis-*

---

1. Bearden also filed suit against the individual who improperly notarized her signature, the surety that held the notary's bond, and the notary's employer. However, Bearden settled with these parties and subsequently they were dismissed from the lawsuit.

2. Wardley cites as an issue on appeal the validity of the attorney fee award, however, Wardley abandons this issue by not developing this argument or citing any cases in support thereof in the body of the brief. *See* Utah R.App. P. 24 (requiring appellants to brief their arguments); *see also State v. Wareham*, 772 P.2d 960, 960 (Utah 1989) (noting that "a brief must contain some support for each [of its] contentions").

3. Wardley actually argues that the trial court erred by not following rule 47(n) of the Utah Rules of Civil Procedure. However, in 2003 rule 47 was amended and renumbered as rule 47(*o*).

*See* Utah R. Civ. P. 47. We cite to the most recent version of the rule throughout the opinion.

4. We also note that Wardley failed to comply with the mandates of rule 24 of the Utah Rules of Appellate Procedure. Wardley cites to no case law or any portion of the record to support this claim. Rule 24 places the burden upon the appellant to properly brief the issues for review. *See* Utah R. Civ. P. 24. "An issue is inadequately briefed when 'the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court.' " *Smith v. Smith*, 1999 UT App 370, ¶ 8, 995 P.2d 14 (citation omitted). Wardley has improperly shifted the burden of research and argument to this court. Thus, we could decline to address this issue on this ground alone, however, because we can easily dispose of Wardley's claim that there was insufficient evidence of Wardley's duty and the resulting breach, we do so.

*closure, confidentiality, and reasonable care.*

(Emphasis added.) Bearden also introduced evidence that it was Wardley's policy to have management or a supervisor review the documents in its transaction files and that Wardley had an internal policy that prohibited agents from purchasing properties that agent listed. From this evidence, the jury could have found that Wardley owed Bearden the fiduciary duties of "loyalty, full disclosure, confidentiality, and reasonable care."

¶ 9 Bearden also introduced sufficient evidence for the jury to find that Wardley breached its own duty of care to Bearden. Bearden introduced evidence that (1) Gritton was employed by Wardley, (2) Wardley was aware that Gritton had executed a listing agreement and a real estate purchase agreement with Bearden wherein Gritton acted as buyer and seller's agent and the purchaser of the property, (3) Wardley never questioned Gritton about violating its internal policy against an agent purchasing property listed by that agent, (4) Wardley never asked Gritton to stop representing Bearden, and (5) Wardley never informed Bearden of Gritton's violations of the internal policy. This evidence is sufficient for the jury to find that Wardley breached its duty of care to Bearden.

¶ 10 Furthermore, the jury made a specific finding that Wardley breached a fiduciary duty owed to Bearden. Wardley has not adequately marshaled the evidence in support of this finding and attempts to marshal the evidence only as it relates to Wardley's vicarious liability. *See Harding v. Bell*, 2002 UT 108, ¶ 19, 57 P.3d 1093 ("When challenging a jury's verdict, a party must 'marshal the evidence in support of the verdict and then demonstrate that the evidence is insuffi-

---

**5.** Wardley also claims that the trial court erred in not granting its motion for summary judgment/directed verdict because there was no evidence that Wardley was vicariously liable for Gritton's actions. In similar fashion, Wardley argues that the jury instructions defining "agent" were misleading, that the special verdict misstated the burden of proof for fraud, and that both these errors affected the jury's finding of vicarious liability. Because we find that the evidence is sufficient to sustain the jury verdict that Ward-

cient when viewed in the light most favorable to the verdict.' " (citation omitted)). In light of the evidence introduced, and because Wardley did not adequately marshal the evidence in support of the jury's findings, we conclude that Wardley's claim that the trial court erred in not granting its motion for summary judgment/directed verdict is without merit.[5]

¶ 11 Next, Wardley claims that the trial court violated rule 47(*o*) of the Utah Rules of Civil Procedure when it communicated with the jury without first notifying either party or their attorneys. "[A] court's communication with a jury will be considered reversible error only if the error is 'substantial or prejudicial ... such that the result would have been different had it not taken place.' " *Board of Comm'rs, Utah State Bar v. Petersen*, 937 P.2d 1263, 1270 (Utah 1997) (ellipsis in original) (quoting *Tjas v. Proctor*, 591 P.2d 438, 441 (Utah 1979)). Rule 47(*o*) states:

> After the jury have [sic] retired for deliberation, if there is a disagreement among them as to any part of the testimony, or if they desire to be informed on any point of law arising in the cause, they may require the officer to conduct them into court. *Upon their being brought into court* the information required must be given in the presence of, or after notice to, the parties or counsel. Such information must be given in writing or stated on the record.

(Emphasis added.) "The language of rule 47(*o*) seems to require notification of the attorneys only when the jury is conducted into the courtroom in the presence of the judge." *Petersen*, 937 P.2d at 1271.[6]

¶ 12 Moreover, even if the trial court's communication process with the jury was error under rule 47(*o*), that error was harm-

---

ley breached its own duty to Bearden, we need not address the issue of vicarious liability.

**6.** Here, the jury asked the judge the following two questions: (1) "Does 'Acts' mean all or any one of the offending actions of Mr. Gritton?"; and (2) "Does 'Acts' refer only to the "defrauding and/or fiduciary duties of Mr. Gritton?" In response, the judge wrote: "The term 'acts' is intended to refer to the alleged offending conduct described in Ques. # 1 only."

less. *See* Utah R. Civ. P. 61 (noting that this court "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties"). Wardley argues that the jury's questions highlight that the jury was improperly instructed about vicarious liability. However, because we have already concluded that sufficient evidence was introduced to support the jury's specific finding that Wardley breached its own fiduciary duty of care to Bearden, we need not resolve the question of any perceived error relating to the issue of vicarious liability. *Cf. Petersen*, 937 P.2d at 1271. Thus, we conclude, even if the trial court's means of communication with the jury was error under rule 47(*o*), that error was harmless. *See Tingey v. Christensen*, 1999 UT 68, ¶ 16, 987 P.2d 588 (noting that "[e]rrors require reversal only if confidence in the jury's verdict is undermined").

¶ 13 Wardley next argues that the damage award is not supported by the evidence.[7] Wardley " 'must marshal all evidence supporting the verdict' and then show that the evidence cannot support the verdict." *Dejavue, Inc. v. U.S. Energy Corp.*, 1999 UT App 355, ¶ 12, 993 P.2d 222 (quoting *Von Hake v. Thomas*, 705 P.2d 766, 769 (Utah 1985)). " 'The burden on an appellant to establish that the evidence does not support the jury's verdict . . . is quite heavy.' " *Id.* (quoting *Cambelt Int'l Corp. v. Dalton*, 745 P.2d 1239, 1242 (Utah 1987)). "[T]he amount of the verdict is a matter exclusively for the jury and unless such an award clearly indicates the jury's disregard of competent evidence or the influence of passion or prejudice, the trial court may not interfere with the jury's determination." *Batty v. Mitchell*, 575 P.2d 1040, 1043 (Utah 1978).

¶ 14 In this case, Wardley has not properly marshaled the evidence upon which the jury could have based a finding that Bearden was injured in the amount of $75,000. Wardley admits that Bearden was injured in the amount of almost $60,000, but then argues the remaining $15,000 in damages is unsupported by the record. We disagree. Wardley overlooks evidence that Bearden testified that she paid $8,000 to $10,000 in interest on loans to keep the property from being foreclosed, that before Gritton agreed to purchase it Bearden rented the property for $600 to $625 per month, that Gritton's monthly payments were only $400 per month, and that Gritton lived in the property for several months without making any payments. This is sufficient evidence to support the jury's award of $75,000 in damages. Wardley has not met its burden to show that the jury award was the result of "passion or prejudice." *Batty*, 575 P.2d at 1043. Thus, we affirm the damage award.

¶ 15 Lastly, Bearden has requested attorney fees on appeal. The listing contract signed by the parties entitles the prevailing party to an award of attorney fees and costs "[i]n any action, proceeding or arbitration arising out of" that contract, and we award Bearden attorney fees and costs on this basis.[8] *See Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 409 (Utah 1980) (noting that the prevailing party in a suit to enforce a contract is entitled to attorney fees both at trial and on appeal).

## CONCLUSION

¶ 16 The trial court properly denied Wardley's motion for summary judgment/directed verdict because there was sufficient evidence from which the jury could have found that Wardley breached a duty of care to Bearden. Also, even if the trial court improperly com-

---

7. Wardley only argues that the $75,000 compensatory damage award is not supported by the evidence and does not attack the punitive damages award. Instead, Wardley argues that the jury erred in awarding punitive damages because it should not be punished for Gritton's actions. Wardley fails to recognize that there was sufficient evidence from which the jury could have imposed punitive damages against Wardley for its own conduct or that the jury found "by clear and convincing evidence that the acts or omis- sions of Wardley were a result of willful and malicious conduct, or conduct that manifested a knowing reckless indifference toward, and a disregard for, the rights of . . . Bearden."

8. In the future, it would be helpful for parties requesting attorney fees to set forth in more detail the basis for such an award rather than merely relying upon a bald assertion that they are entitled to fees.

municated with the jury during deliberations, that error was harmless. Lastly, the jury award is supported by the evidence and is not the result of passion or prejudice.

¶ 17 The jury verdict is affirmed and the case is remanded to the district court for an award of attorney fees and costs to Bearden.

¶ 18  WE  CONCUR:  RUSSELL  W. BENCH and JAMES Z. DAVIS, Judges.