2004 UT App 356

**RENEGADE OIL, INC., Plaintiff and Appellees,**

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY, Universal Business Insurance, and Scott Shields, Defendants and Appellants.**

No. 20040009–CA.

Court of Appeals of Utah.

Oct. 15, 2004.

Michael L. Deamer, Randle Deamer & Lee PC, Salt Lake City, for Appellants.

Dennis L. Mangrum and R. Collin Mangrum, Salt Lake City, for Appellees.

Before BILLINGS, P.J., JACKSON and THORNE, Jr., JJ.

## OPINION

BILLINGS, Presiding Judge:

¶1 Universal Business Insurance and Scott Shields collectively Universal appeal from a judgment in favor of Renegade Oil Company Renegade after a bench trial. We affirm.

## BACKGROUND

¶2 On February 25, 2001, Renegade used Universal, an independent insurance agency, to procure an automobile insurance policy (the Policy) with Progressive Northwestern Insurance Company [1] (Progressive) for Renegade's fleet of six trucks. The Policy required Renegade to identify specifically each vehicle to be covered, which Renegade did for each of its six trucks. In September

---

1. Although the caption reads "Progressive Casualty Insurance Company" it is clear that the real party of interest was Progressive Northwestern Insurance Company, which is no longer a party to the lawsuit.

2001, Renegade traded one of its trucks for a new one. On October 4, 2001, a Renegade employee left a voice message at Universal (the Voice Message), and later followed up with a facsimile to Universal (the Fax), providing information about the new truck. Renegade kept no record of the Voice Message or any evidence that the Fax was sent, other than a copy of the original letter. Universal never forwarded any information regarding Renegade's new truck to Progressive.

¶3 On January 31, 2002, the new truck was involved in an accident with Michelle Blaylock. Blaylock brought an action against Renegade. When Renegade made a claim under the Policy, Progressive denied insurance coverage because it had received no notice of the new truck. Renegade then filed a complaint against Universal for negligence, seeking damages for any amount incurred in the Blaylock lawsuit for which Renegade otherwise would have been covered by the Policy.

¶4 At trial in its negligence action against Universal, the only damage evidence offered by Renegade was that it had been sued by Blaylock for an accident involving the new truck. Universal moved for a directed verdict because there was no evidence of damages, which the trial court denied. After the bench trial, in which Universal was found negligent for failing to forward the information regarding the new truck to Progressive, Renegade submitted an affidavit with Renegade's attorney fees and damages that had resulted from the ongoing Blaylock litigation. The trial court entered judgment in favor of Renegade for (1) $5406.25 in costs of defending litigation against Blaylock; (2) $8040.40 in payments already made to Blaylock; (3) any amounts later determined, which would have been covered by the Policy had Progressive received notice of the new truck; and (4) any future costs to Renegade for

defending itself against claims arising out of the accident with Blaylock. Universal appeals.

## ISSUES AND STANDARDS OF REVIEW

¶5 First, Universal argues that the trial court erred by finding that Renegade had provided Universal notice of its new truck as required under the Policy. A trial court's "[f]indings of fact, whether based upon oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." [2] Utah R. Civ. P. 52(a).

■ ¶6 Second, Universal argues that the trial court erred by failing to grant its motion for directed verdict after Renegade failed to present any direct evidence of damages at trial. When reviewing a denial of a motion for directed verdict, "we review the evidence and all reasonable inferences that may fairly be drawn therefrom in the light most favorable to the party moved against, and will sustain the denial if reasonable minds could disagree with the ground asserted for directing a verdict." *Smith v. Fairfax Realty, Inc.*, 2003 UT 41, ¶12, 82 P.3d 1064, *cert. denied*, —— U.S. ——, 124 S.Ct. 1716, 158 L.Ed.2d 401 (2004) (quotations and citation omitted).

## ANALYSIS

### I. Notice of the New Truck

¶7 Universal argues that Renegade presented insufficient evidence to establish that Universal had received adequate notice of Renegade's new truck. Universal asks us to adopt a legal rule under which "all risk of communication by fax transmission is borne by the sender and not by the receiver." We decline to adopt such a rule.

---

**2.** Although Universal attempts to convert this issue into a question of law, it clearly is a question of fact. Universal casts the issue as whether it owed Renegade a duty of care "where a voice mail supposedly is left (but never received) and allegedly a facsimile notice is sent to replace a vehicle on an insurance policy." Yet Universal docs not dispute that if it receives notice of a new vehicle in such circumstances, then it has a duty to forward that information to the insurance company. Thus, the real issue hinges upon the factual determination of whether Universal received sufficient notice—if it did, then it had a duty to forward the information; if it did not, then it had no information to forward.

¶ 8 Any confirmation that the fax reached its destination, such as a confirmation page or destination phone number on a copy of the document, creates a rebuttable presumption that the fax was received. *See Stevens Shipping & Terminal Co. v. M/V Japan Rainbow II,* No. 01–669, 2002 U.S. Dist. LEXIS 11209, at ** 9–10, 2002 WL 1339145, * 2 (La. June 17, 2002), *aff'd.* 334 F.3d 439 (5th Cir.2003). The absence of such confirmation information, however, merely negates the rebuttable presumption in favor of receipt; it does not create a rebuttable presumption against receipt. *See Hall v. CWR Constr., Inc.,* No. 4:01cv00459 SMR, 2002 U.S. Dist. LEXIS 15369, at ** 8–9, 2002 WL 1972079, * 3 (Ark. Aug. 15, 2002) (holding that mere deposition testimony that a fax had been sent was sufficient to create a disputed issue of fact about notice for trial). Thus, without confirmation information that the Fax reached its destination, the trial court had to weigh the conflicting testimonial evidence to determine whether Universal received notice of the new truck.

¶ 9 After weighing the evidence, the trial court found that Universal had received notice of the new truck via the Fax and the Voice Message. In essence, Universal challenges this factual finding by the trial court. To challenge a factual finding in the trial court, a party must marshal the evidence in support of the trial court's factual finding. *See* Utah R.App. P. 24(a)(9). Universal has not done so. We do not review a "trial court's factual findings where the party challenging those findings fails to marshal the evidence. Instead, [we] must 'assume that the record supports the findings of the trial court.' " *Eggett v. Wasatch Energy Corp.,* 2004 UT 28, ¶ 10, 94 P.3d 193 (quoting *Moon v. Moon,* 1999 UT App 12, ¶ 24, 973 P.2d 431). For this reason, we accept the trial court's finding that Universal had notice that Renegade's new truck was to be substituted under the Policy. Therefore, the trial court correctly concluded that by failing to forward information of the new truck to Progressive, Universal breached its duty to Renegade.

¶ 10 Alternatively, even if Universal had marshaled the required evidence, the trial court's factual finding was not clearly erroneous. The disputed factual finding hinged almost exclusively upon the trial court's judgment of witness credibility. Because trial courts are in a better position to judge credibility, *see State v. Daniels,* 2002 UT 2, ¶ 18, 40 P.3d 611, we assume that the witness testimony supporting the trial court's finding was more credible than the testimony inconsistent with it. Because there was testimonial evidence that the Fax was sent and the Voice Message was left, it was not clearly erroneous for the trial court to find that Universal received notice of Renegade's new truck.

## II. Damage Evidence

¶ 11 Universal also argues that Renegade's negligence claim fails as a matter of law because Renegade failed to present any direct evidence of damages at trial. The trial court found that the fact that Renegade "has been sued in an underlying personal injury lawsuit, provides more than sufficient evidence of either real or anticipated damage to be suffered if the continued denial of coverage is allowed to stand." We agree.

¶ 12 To prove damages a plaintiff (1) "must prove the fact of damages" by evidence that gives "rise to a reasonable probability that the plaintiff suffered damage as result of a breach" and (2) "must prove the amount of damages" but with a lesser level of persuasiveness because it is, "after all, the wrongdoer, rather than the injured party, who should bear the burden of some uncertainty in the amount of damages." *Atkin Wright & Miles v. Mountain States Tel. & Tel. Co.,* 709 P.2d 330, 336 (Utah 1985); *see also Tingey v. Christensen,* 1999 UT 68, ¶ 14, 987 P.2d 588. Also, "[t]he amount of damages may be based upon approximations, if the fact of damage is established, and the approximations are based upon reasonable assumptions or projections." *Atkin Wright & Miles,* 709 P.2d at 336.

¶ 13 Evidence of Blaylock's lawsuit against Renegade was presented to the trial court. Also, it was undisputed that had proper notice of Renegade's new truck been passed along to Progressive, the Policy would have covered Renegade for all costs associated with Blaylock's lawsuit up to policy limits. Because Universal breached its duty of care

by failing to pass the notice of the new truck to Progressive, and but for Universal's breach of this duty Renegade would have had insurance coverage under the Policy, there exists a "reasonable probability that [Renegade] suffered damage as a result of [Universal's] breach" and that the amount of damages would equal the costs related to the Blaylock lawsuit that otherwise would have been covered by the Policy. *Id.; see also Levite Undertakers Co. v. Griggs*, 495 So.2d 63, 65 (Ala.1986) (holding that a plaintiff need not present direct evidence of damages where the damage "is obvious"). Thus, the trial court correctly denied Universal's motion for directed verdict based upon a lack of evidence of damages.[3]

## CONCLUSION

¶ 14 Because Universal failed to marshal the evidence to challenge the trial court's factual finding that Universal had received notice of the new truck via the Fax and the Voice Message, we do not disturb the trial court's finding. Also, because the evidence at trial established a reasonable probability that Renegade suffered damages, the trial court did not err by denying Universal's motion for direct verdict. We affirm.

¶ 15 WE CONCUR: NORMAN H. JACKSON and WILLIAM A. THORNE JR., Judges.

---

3. Universal also claims that it was denied due process when it was not permitted to challenge the attorney fees award. However, (1) Renegade asked for attorney fees it incurred both in this case as well as in the Blaylock lawsuit; (2) Renegade submitted an affidavit outlining these attorney fees; (3) Universal objected to these awards, but did not specifically contest amounts; and (4) the trial court sustained Universal's objection as to fees in this case. Also, attorney fees are no longer an issue in regard to the Blaylock litigation because Progressive has taken over the defense in that lawsuit. Universal was not denied due process.