**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARTHUR ROSE,

        Plaintiff - Appellant,

  v.

RAY MABUS[*], Secretary, Department of Navy and acting in his individual capacity acting within the course and scope of his authority at NAS Miramar San Diego (Marine Corps Air Station Miramar),

        Defendant - Appellee.

No. 11-55125

D.C. No. 3:08-cv-01471-BTM-BLM

MEMORANDUM[**]

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted June 26, 2012[***]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

---

[*]    Ray Mabus has been substituted for his predecessor, Donald Winter, as Secretary, Department of the Navy under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arthur Rose appeals pro se from the district court's judgment in his employment action under Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of partial summary judgment. *White v. City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment on Rose's retaliation claim based on his performance evaluation because Rose failed to raise a genuine dispute of material fact as to whether there was a causal connection between his alleged protected activity and the evaluation, and whether defendant's legitimate, non-discriminatory reason for the evaluation comments and ratings were a pretext for retaliation. *See Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065-66 (9th Cir. 2004) (setting forth the framework for analyzing a retaliation claim and explaining that evidence of pretext must be specific and substantial); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002) (eighteen-month lapse between protected activity and an adverse employment action is too long to give rise to an inference of causation).

The district court properly granted summary judgment on Rose's retaliatory harassment claim because Rose failed to raise a genuine dispute of material fact as to whether the alleged conduct was because of his protected activity, or was sufficiently severe or pervasive to alter the conditions of his employment. *See Ray*

*v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (discussing retaliatory harassment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Rose's remaining contentions are unpersuasive.

**AFFIRMED.**