**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RENE CARRANZA,

   Plaintiff - Appellant,

 v.

UNIVERSAL MUSIC GROUP, INC., a
Delaware corporation; et al.,

   Defendants - Appellees,

UNIVISION.COM; et al.,

   Defendants.

No. 11-55782

D.C. No. 2:09-cv-03604-GW-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted July 24, 2013[**]

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

 Rene Carranza appeals pro se from the district court's summary judgment

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

and damages award on his copyright infringement claims against defendants Universal Music Group, Inc. and its affiliates (the "Universal Defendants"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *White v. City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007), and for clear error an actual damages award, *Jarvis v. K2 Inc.*, 486 F.3d 526, 529 (9th Cir. 2007). We affirm.

After denying summary judgment on the liability portion of Carranza's direct infringement claim, the district court properly limited Carranza's recovery to his actual damages and the Universal Defendants' profits because he was not entitled to statutory damages, attorney's fees, or punitive damages. *See* 17 U.S.C. § 412 (prohibiting statutory damages and attorney's fees if the work is not registered before infringement commences, or within three months of the work's first publication); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 n.5 (9th Cir. 2004) (where statutory damages are unavailable, a plaintiff can recover only its actual damages as a result of the infringement and defendant's profits from the infringement); *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (statutory damages serve punitive purpose, and are recoverable to sanction and vindicate the Copyright Act's policy of discouraging infringement).

The district court did not clearly err in limiting Carranza's damages to the

Universal Defendants' gross revenues from the sale of Carranza's album because Carranza failed to establish that he suffered any additional actual damages as a result of the infringement. *See* 17 U.S.C. § 504(b) (copyright owner can establish actual damages suffered "as a result of the infringement" and profits of the infringer "attributable to the infringement" based on proof of gross revenues).

The district court did not abuse its discretion in denying Carranza leave to file a fourth amended complaint because, even assuming that his proposed contract claim was timely under the doctrine of equitable tolling, Carranza failed to attach the proposed amended complaint or establish good cause for his undue delay in seeking to amend. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and factors relevant to a motion to amend).

The district court did not abuse its discretion in denying Carranza's request for the return of his original master and related materials because Carranza failed to establish that the materials, which he provided to the direct infringer, were in the possession of the Universal Defendants. *See Citizens for Clean Gov't v. City of San Diego*, 474 F.3d 647, 650 (9th Cir. 2007) (setting forth standard of review).

Issues raised for the first time in Carranza's reply brief regarding his former counsel's alleged pre-litigation discussions with defense counsel are deemed waived. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We decline to address Carranza's arguments regarding summary judgment on his vicarious and contributory infringement claims because these alternative theories would not entitle Carranza to any additional damages that are not already encompassed by the damages award on his direct infringement claim.

Carranza's contentions regarding the denial of his constitutional right to a jury trial, the flooding of the Spanish market with pre-sold copies of his album, the allegedly binding promises made by employees of the Universal Defendants, the calculation of damages based on expenses he incurred before the infringement, and alleged unspecified inaccuracies in his deposition transcript are unpersuasive.

**AFFIRMED.**