FILED

**NOT FOR PUBLICATION**

MAY 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: EDWARD J. STOUT, | No. 14-60037 |
| Debtor, | BAP No. 13-1045 |
| DOLORES STOUT, an individual; KAUFMAN GROUP, a California corporation, | MEMORANDUM[*] |
| Appellants, | |
| v. | |
| RICHARD ALAN MARSHACK, Chapter 7 Trustee; STEVEN ROOT; JAMES KERCHNER; ELECTRONIC CONNECTOR SERVICE, a dissolved California corporation; QUALTECH BACKPLANES, INC., a California corporation; DYNAMIC STAMPING, a dissolved California corporation, | |
| Appellees. | |
| In re: EDWARD J. STOUT, | No. 14-60038 |
| Debtor, | BAP No. 13-1257 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

STEVEN ROOT; JAMES KERCHNER,

Appellants,

v.

EDWARD J. STOUT,

Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Dunn, and Taylor, Bankruptcy Judges, Presiding

Argued and Submitted March 11, 2016
Pasadena, California

Before: CLIFTON, CALLAHAN, and IKUTA, Circuit Judges.

These consolidated appeals arise out of the same set of facts involving Edward Stout (Debtor), his mother Dolores Stout (Dolores), Dolores's company Kaufman Group, Inc., and three of Debtor's creditors, Jim Kerchner, Steve Root, and Qualtech Backplanes, Inc. (Qualtech) (collectively, the Creditors). Both cases concern the transfer of equipment (the Business Assets) to Dolores before Debtor filed a chapter 7 bankruptcy petition. The key issue on appeal in both cases is whether the Business Assets transferred to Dolores were the property of Debtor or corporations owned wholly by him. On this issue, the two bankruptcy court

2

decisions affirmed by the Bankruptcy Appellate Panel (BAP) are in conflict. In case number 14-60037, which the parties call the Preference Adversary, the bankruptcy court found in a partial summary judgment decision that Debtor had a property interest in the Business Assets; but in case No. 14-60038, called the Discharge Adversary, the same court found, after a trial, that the Business Assets were not Debtor's property. "We review the BAP's decision de novo and apply the same standard of review that the BAP applied to the bankruptcy court's ruling." *Boyajian v. New Falls Corp.* (*In re Boyajian*), 564 F.3d 1088, 1090 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 158(d) and we reverse in part and affirm in part.

1.      The Chapter 7 trustee (Trustee) and Creditors filed the Preference Adversary against Dolores and Kaufman Group. In relevant part, Trustee and Creditors seek, under 11 U.S.C. § 547(b), to avoid the transfer of Debtor's interest in the Business Assets to Dolores as a "preferential transfer" made by Debtor to an insider within one year prior to the filing of Debtor's bankruptcy petition. Under § 547(b), the transfer of a debtor's interest in property made to an insider within one year prior to that debtor's bankruptcy filing may be avoided as a "preferential transfer" given the following six elements: (1) a transfer of the debtor's interest in property; (2) that was to or for a creditor's benefit; (3) that was for or on account of

3

an antecedent debt; (4) that was made while debtor was insolvent; (5) that was made up to one year prepetition, if such creditor was an insider; and (6) that was a transfer that enables the creditor to receive more than such creditor would receive in a Chapter 7 liquidation of the bankruptcy estate. *Hansen v. MacDonald Meat Co. (In re Kemp Pac. Fisheries, Inc.)*, 16 F.3d 313, 315 n.1 (9th Cir.1994). All six of these elements must be met, *Wind Power Sys., Inc. v. Cannon Fin. Group, Inc. (In re Wind Power Sys., Inc.)*, 841 F.2d 288, 290 (9th Cir. 1988), and each must be proven by a preponderance of the evidence, *Arrow Elecs., Inc. v. Justus (In re Kaypro)*, 218 F.3d 1070, 1073 (9th Cir. 2000). The bankruptcy court granted partial summary judgment in favor of Trustee and Creditors on their § 547(b) claim and the BAP affirmed. Reviewing de novo, *see White v. City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007), we reverse.

Reviewing the evidence before the bankruptcy court in the light most favorable to Dolores, we conclude that a genuine dispute of material fact exists as to the first element of § 547(b), whether any interest in the Business Assets transferred to Dolores were the property of Debtor. Read together and in the light most favorable to Dolores, the two loan agreements between Dolores and Debtor, the purchase agreement of the Qualtech assets, the assignment and assumption agreement, the bill of sale, and other documents supported the contention that

4

Debtor's corporations, not Debtor, owned the Business Assets. The testimony of Dolores, Debtor, and Robert Cayford also supports the view that the corporations owned the Business Assets. A jury could credit this testimony, which cannot be dismissed as self-serving because it is corroborated by the evidence referenced above. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002).

While the transfer of assets owned by a corporation normally does not constitute a transfer by a debtor of his or her own property, property owned by a corporation may be considered a debtor's property where the corporation was the debtor's alter ego. *See Miller Ave. Acquisition Partners v. Brady (In re Enter. Acquisition Partners, Inc.)*, 319 B.R. 626, 634 (9th Cir. BAP 2004). However, here evidence before the bankruptcy court creates a genuine dispute as to whether Debtor's wholly owned corporations were his alter egos. For example, documentary evidence and Debtor's declaration supported the propositions that the corporations maintained separate records, filed separate tax returns, and did not commingle funds. Given such evidence, a reasonable trier of fact could conclude that the businesses were not Debtor's alter egos, but were what they purported to be: separate corporations that were wholly owned by Debtor. The Business Assets did not revert to Debtor upon dissolution of the corporations because the assets had

5

previously been transferred from the corporations to Dolores. We therefore conclude that the bankruptcy court erred in granting partial summary judgment to the Trustee and Creditors on the § 547(b) claim.[1]

2.      In the Discharge Adversary, Creditors seek, under 11 U.S.C. § 727(a)(2)(A), to deny Debtor's discharge from their claims against him. Under § 727(a)(2)(A), a debtor may not receive a discharge if the debtor transferred his or her property within one year before filing for bankruptcy with the intent to hinder, delay, or defraud a creditor. After a four-day trial, the bankruptcy court entered judgment in Debtor's favor, finding that Creditors had not shown that the Business Assets were Debtor's property or that his corporations were his alter egos. We affirm because the evidence, including the evidence referenced above relevant to the Preference Adversary, does not show that the bankruptcy court clearly erred.

In sum, we affirm in part and reverse in part the BAP's affirmance of the bankruptcy court's decisions in the Preference and Discharge Adversaries. We hold that the BAP erred in affirming the bankruptcy court's partial summary

---

[1]      We do not reach the question of whether summary judgment was also precluded by genuine disputes of material fact regarding other disputed elements of the § 547 claim. These elements only matter if the property in question was Debtor's property. It follows from our conclusion that genuine issues of material fact existed as to whether Debtor owned the Business Assets, that the bankruptcy court erred to the extent that it found, at the summary judgment stage, that the assets were property of the estate within the meaning of 11 U.S.C. § 541.

6

judgment decision on the § 547(b) claim in the Preference Adversary because a genuine dispute of material fact exists as to whether the Business Assets were Debtor's property. We hold that the BAP appropriately affirmed the bankruptcy court's judgment after trial on the § 727(a)(2)(A) claim in the Discharge Adversary.

AFFIRMED in part and REVERSED in part. Appellees shall bear the costs on appeal in the Preference Adversary. Appellants shall bear the costs on appeal in the Discharge Adversary.