**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WELLS FARGO BANK, N.A., | No. 17-15888 |
| Plaintiff-Appellee, | D.C. No. 2:13-cv-01472-GMN-NJK |
| v. | |
| ALIREZA KAVEH, and as Trustee of the Alireza Family Trust; et al., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| ALI KAVEH, AKA Alireza Kaveh, Sr. and MOLOUK KAVEH, and as Trustee of the Kaveh Family Trust, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted November 14, 2018[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  THOMAS, Chief Judge, M. SMITH, Circuit Judge, and BUCKLO,*** District Judge.

Alireza Kaveh, JPA Investments, and Jocelyne Abrar ("Appellants") appeal the district court's denial of their motion for reconsideration based on lack of subject matter jurisdiction and its previous denial of their cross-motion for summary judgment.  Because the parties are familiar with the history of this case, we need not recount it here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

The district court had diversity subject matter jurisdiction over this case. Appellants are citizens of Nevada and California.  Wells Fargo, with its main office in South Dakota, "is a citizen only of South Dakota" because a national bank is a citizen "only of the state in which its main office is located."  *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014);  *Vasquez v. Wells Fargo Bank*, 77 F. Supp. 3d 911, 924 n.3 (N.D. Cal. 2015) ("[T]he Ninth Circuit has held that Wells Fargo Bank, N.A. is a citizen only of South Dakota for the purposes of diversity jurisdiction.").  Because the amount in controversy exceeded

---

***     The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

2

$75,000, and all plaintiffs were diverse from all defendants, the court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

Appellants argue that complete diversity did not exist because Wells Fargo erroneously claimed in another case that it was a citizen of California. But Wells Fargo's incorrect statements cannot impact the court's determination of its citizenship, which, under Ninth Circuit law, is categorically South Dakotan. Thus, the district court did not abuse its discretion in denying Appellants' motion for reconsideration of its subject matter jurisdiction decision.

II

The district court properly granted partial summary judgment, a decision we review *de novo*. *White v. City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007). Under Nevada Revised Statute § 40.455, judgment creditors must apply for a deficiency judgment within six months of a foreclosure sale. Nev. Rev. Stat. § 40.455(1) (2017). The application need not be formal; it can consist of a filing made within six months of a foreclosure sale so long as the filing states with particularity the grounds for the judgment and sets forth the relief sought. *Walters v. Eighth Jud. Dist. Ct. ex rel. Cty. of Clark*, 263 P.3d 231, 234 (Nev. 2011); *Mardian v. Michael & Wendy Greenberg Family Tr.*, 359 P.3d 109, 112 (Nev. 2015).

In *Walters*, a judgment creditor filed a counterclaim against a guarantor for breach of guaranty and then, within six months of a foreclosure sale of secured property, filed a motion for summary judgment on the breach of guaranty action seeking the remaining amount of the unpaid balance post-foreclosure. *Walters*, 263 P.3d at 232–33. The court determined that the motion for summary judgment met the requirements for a deficiency judgment application under § 40.455. *Id.* at 234.

Similarly, in this case, Wells Fargo filed a complaint prior to the foreclosure, followed by a motion for summary judgment within the six month time period. Though Appellants claim that the summary judgment motion "did not ask for the relief of a deficiency judgment," the motion plainly stated "[t]his is a post-foreclosure deficiency motion," and "the amount realized from the [foreclosure sale] is substantially less than the [i]ndebtedness, leaving a deficiency owed by the Guarantors to Wells Fargo." It also included relevant interest rates and a calculation of debt owed at the time of the foreclosure sale. Pursuant to *Walters*, the district court properly found the partial summary judgment motion met the requirements required for an application under § 40.455.

Appellants also assert that the summary judgment motion was fatally flawed because "it did not ask the court to set a hearing at which it could determine the

4

fair market value of the secured property on the date of the sale."  But there is no statutory requirement providing that a judgment creditor must request a hearing, or any requirement stating when a request must be made.  Instead, the governing statute only states that a court "shall hold a hearing" before awarding a deficiency judgment.  Nev. Rev. Stat § 40.457(1) (2017).  Because a request for a hearing was not required, Wells Fargo's partial summary judgment motion constituted a valid application for a deficiency judgment under § 40.455, and the district court properly entered summary judgment.

**AFFIRMED.**