NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AYNA AMANDA MEPPELINK,

 Plaintiff-counter-
 defendant-Appellant,

 v.

SELENE FINANCE, LP,

 Defendant-Appellee,

WILMINGTON SAVINGS FUND
SOCIETY, FSB, trustee for Pretium
Mortgage Acquisition Trust,

 Defendant-counter-claimant-
 Appellee,

 and

HIDDEN ACRES HOMEOWNER'S
ASSOCIATION; OCCUPANTS OF THE
PREMISES,

 Counter-defendants.

No. 20-35667

D.C. No. 3:19-cv-05655-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

---

 [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 21, 2021[]

Before:      SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Ayna Amanda Meppelink appeals pro se from the district court's judgment on defendant Wilmington Savings Fund Society, FSB's counter claim seeking judicial foreclosure on Meppelink's home.  Because the district court certified its interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), we have jurisdiction under 28 U.S.C. § 1291.  We review de novo the grant of partial summary judgment.  *White v. City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007). We affirm.

The district court properly granted partial summary judgment on Wilmington's counterclaim because under Washington law, Wilmington is the holder of Meppelink's promissory note and entitled to enforce it by commencing a judicial foreclosure.  *See* Wash. Rev. Code § 62A.1-201 (21)(A) (defining a holder with respect to a negotiable instrument); *Deutsche Bank Nat. Tr. Co. v. Slotke*, 367 P.3d 600, 601, 604 (Wash. Ct. App. 2016) (noting that "the holder of a promissory note secured by a deed of trust has authority to elect to commence a judicial foreclosure of that deed of trust[;]" provisions of the Deed of Trust Act relating to nonjudicial foreclosures of a deed of trust have "no bearing on a judicial

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

foreclosure of a deed of trust because such a foreclosure, as the statutes make clear, is controlled by the law of mortgages"); *see also Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 38-39, 42-44 (Wash. 2012) (en banc) (requirements for judicial foreclosure).

Contrary to Meppelink's contention, the district court's entry of partial judgment under Rule 54(b) did not create an inappropriately piecemeal litigation. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 877-79 (9th Cir. 2005) (setting forth standard of review and criteria for Rule 54(b) certification).

We lack jurisdiction to consider claims other than those certified in the district court's Rule 54(b) order. *See Air-Sea Forwarders, Inc. v. Air Asia Co.*, 880 F.2d 176, 179 n.1 (9th Cir. 1989) (no appellate jurisdiction exists over claims the district court did not include it is Rule 54(b) order).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as without merit Meppelink's contentions that the district court ignored state court rulings, was biased against her, or showed favoritism towards the defendants.

**AFFIRMED.**